Lester v. Lester, Executor, et al.

————◆◆◆————

LESTER v. LESTER, EXECUTOR, ET AL.

DECEDENTS' ESTATES.—*Claim.— Civil Action.—Change of Venue.—Statute Construed.*—A claim, filed against a decedent's estate and entered upon the appearance docket for trial, is a civil action within the meaning of the statute authorizing changes of venue in civil actions.

From the Switzerland Circuit Court.

*J. A. Works* and *J. D. Works*, for appellant.

*J. B. McCrellis*, for appellee.

WORDEN, J.—In this case a claim was filed by the appellant against the estate of David Lester, deceased, on an account.

The plaintiff filed an affidavit which met the requirements of the statute, and on it moved for a change of judge, on the ground of the bias and prejudice of the regular judge against him; but the motion was overruled, and the plaintiff excepted.

A demurrer for want of sufficient facts was sustained to the plaintiff's cause of action, and there was final judgment for the defendant.

The appellant has assigned error upon the overruling of his motion for a change of judge.

We find no brief for the appellee, and are therefore not advised upon what ground the motion was overruled. We infer, however, from the brief of counsel for the appellant, that it was supposed that a claim filed against an estate does not constitute a civil action within the meaning of the statute on the subject of change of venue. The statute, so far as it is applicable to the present case, provides as follows :

" The court, in term, or the judge thereof, in vacation, may change the venue of *any civil action*, upon the application of either party made upon affidavit showing one or more of the following causes :     *     *     *     *

"*Seventh.* When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending, the said court shall grant a change of venue." Acts 1877, Reg. Sess., p. 103.

No reason occurs to us why a claim filed against an estate, and placed on the appearance docket for trial,

should not be regarded as a civil action within the intent and meaning of the statute above in part quoted.

The original 66th section of the act on the subject of the settlement of decedents' estates, as found in 2 R. S. 1852, p. 261, which, together with the 65th section, seems to be now in force, notwithstanding the attempted amendments of 1853 and 1855,—see *Niblack* v. *Goodman*, 67 Ind. 174, 195,—sufficiently recognizes such claims as civil actions. It provides that a list of such claims " shall be spread upon the appearance docket of such court, in the order in which the claims are filed, and whether such executor or administrator appear or not, shall stand for trial in that order at the second term after they are filed ; and such trial shall, in all respects, be gov- erned by the rules regulating the trials of *similar actions* in the circuit court," etc.

The attempted amendment of 1855, as found in 2 R. S. 1876, p. 515, though not valid as an amendment, may well be looked to in order to show the legislative understand- ing of the character of such claims as civil actions ; and it is quite explicit in this respect. It provides, among other things, that, " If such claim is not so admitted before the last day of said term, the same shall be transferred to the issue docket of such court, and shall stand for trial at the next term thereof, as *other civil actions* pending therein," etc.

The reason and spirit of the statute are as applicable to cases of claims against an estate as to other civil actions. A claim against an estate should no more be tried before a biased, prejudiced or interested judge, than any other civil action.

We think, for these reasons, that the court below erred in overruling the motion for a change of judge.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to proceed in accordance with this opinion.