STATE Ex Rel. ELSMAN *v.* SECOND JUDICIAL
DISTRICT COURT, In and for Washoe County,
Department 2, Et Al.

No. 2903

May 14, 1930.                                    287 P. 957.

*Cooke & Stoddard, Samuel Platt,* and *Harwood & Diskin,* for Petitioner:

*L. D. Summerfield,* and *Thatcher & Woodburn,* for Respondents:

## OPINION

By the Court, SANDERS, J.:

This is an original proceeding in prohibition. The proceeding is the outgrowth of a very bitter contest between divorced parents over the custody of the only issue of their marriage, a child of tender years.

Upon the filing of the petition for the writ with the clerk of this court, the respondents, through their attorneys, requested that the writ be not issued until they were given an opportunity to be heard. The request was granted. Thereafter, the application or petition for the writ came on for hearing informally in open court. Upon consideration of the arguments, an order was made directing an alternative writ to issue and that the respondents show cause before this court on the day fixed in the order why the writ should not be made absolute. On the day fixed for return, the respondents appeared and filed an answer to the petition and, in

addition thereto, filed a full and complete transcript of the proceedings had in the matter to be reviewed and determined. Thereupon the question of making the writ absolute was fully argued and submitted for decision upon the petition, answer, and return and upon extended briefs.

The facts, omitting details, are substantially as follows:

In 1926 Ralph Elsman filed a suit in the respondent court against Beatrice Elsman, his wife, for divorce. On January 4, 1927, Beatrice Elsman was granted a divorce from Ralph Elsman, the plaintiff, upon her answer and cross - complaint. By the terms of the decree the sole care, custody, and control of the minor child of the parties, Ralph Elsman, Jr., was awarded to the plaintiff, the father, subject to the right of the defendant and cross-complainant, the mother, to have the possession of the child in Washoe County, Nevada, and not elsewhere, at the times and places specified in detail in the decree of divorce, not material to be stated here.

By the terms of the decree, jurisdiction was expressly reserved to the court to modify that portion of the decree and order with respect to the custody and possession of the child, Ralph Elsman, Jr., for cause.

Shortly after divorce, Ralph Elsman intermarried with Florence Diehl Elsman and they are now husband and wife.

On March 31, 1928, Ralph Elsman filed in the case entitled Ralph Elsman, Plaintiff, v. Beatrice Elsman, Defendant, a notice of motion and motion to change, modify, and amend that portion of the decree rendered and entered therein relative to the custody and possession of Ralph Elsman, Jr. On May 2, 1928, the respondent judge, Hon. George A. Bartlett, who presided in the divorce action, made and caused to be entered an order changing and modifying the decree so as to read substantially as follows: "That the sole care, custody and control of the minor child, of the parties, Ralph Elsman, Jr., is hereby awarded to the

plaintiff, and that he continue to have the same so long as the best interests of said minor child are subserved thereby. That during the time that said child is in the sole care, custody and control of the plaintiff and within the County of Washoe, State of Nevada, the defendant may visit the said child at the home of the plaintiff at Franktown, Washoe County, Nevada, and not elsewhere, unless otherwise mutually agreed by and between the plaintiff and the defendant, during one hour of each day of one calendar month in each and every year, said month to be designated by the defendant and thirty days' notice thereof given to the plaintiff; and that the above entitled court may, if necessary, reasonable and proper on application, require the plaintiff to have the said minor child in Washoe County, Nevada, during said period of one calendar month in each and every year."

Thereafter, on November 4, 1929, Ralph Elsman filed in said court and cause a notice of motion and motion for a further change of the decree so as to read as follows: "That the sole care, custody and control of the minor child of the parties, Ralph Elsman, Jr., is hereby awarded jointly to the plaintiff and to his wife, Florence Diehl Elsman, and to the survivor of them; subject to the further order of the Court."

Thereafter, Beatrice Elsman entered her appearance and filed her reply in defense, and on February 4, 1930, filed in said court and cause a notice of motion and motion asking that the decree of divorce relative to the custody and possession of her child, Ralph Elsman, Jr., be changed so as to read as follows: "That the sole care, custody and control of the minor child of the parties, to-wit, Ralph Elsman, Jr., is hereby awarded to the defendant, the mother, Beatrice J. Elsman, and that she continue to have the same so long as the best interests of said minor child are subserved thereby."

The two motions were consolidated and came on for hearing before Hon. George A. Bartlett, presiding judge, on February 6, 1930; the first movant, Ralph Elsman, being given the opening. The hearing of the motion of

Ralph Elsman occupied the time of the court continuously, except for certain intervals, from February 6 to February 28, 1930.

In the midst of the hearing of the plaintiff's motion and when the evidence in support thereof in chief had practically been concluded, Beatrice Elsman, the opposing movant, on, to wit, February 24, 1930, filed in said court and cause a notice of motion and motion, supported by her own affidavit attached to, exhibited with, and made a part thereof, in which she prayed and sought an order changing the place of trial of said motions or that another judge be called in to hear and try the same, for the reasons and upon the grounds stated in her affidavit, which, omitting details, may be summarized as follows:

That Judge Bartlett, judge presiding, has been, and now is, upon terms of such close intimacy with and friendship for the plaintiff and his present wife that the affiant verily believes and states that she cannot have a fair and impartial trial of the pending issues; that, during the period of several years last preceding, Judge Bartlett had been a frequent visitor and guest at the home of the plaintiff in Franktown, Washoe County, Nevada; that a room was set apart in said Elsman home for the use of Judge Bartlett on the occasions of his frequent visits of such frequent occurrence that such room had come to be designated by the servants and members of the household as "Judge Bartlett's Room"; that Judge Bartlett was and still is a welcome guest at said Elsman home, and during said period Judge Bartlett made frequent visits to the plaintiff's home for horseback riding exercises; that, during the pendency of the hearing of the respective motions and within several years last past, the plaintiff has been a frequent visitor at the home of Judge Bartlett; that, owing to and as a result of the close association aforesaid, Judge Bartlett has unconsciously absorbed at least a portion of the ill feeling and resentment then and now entertained by said Ralph Elsman and his present wife toward the defendant; and that

as a result of said judge unconsciously sharing with the plaintiff and his wife the feeling, belief, and conviction held by plaintiff and his wife, as expressed by the plaintiff in his affidavit and testimony given upon the hearing herein, the defendant sold her right as a mother to have the custody of her child and that she had in fact utilized, and by her proceedings herein is now endeavoring to further utilize, said child as a means of coercing money from the plaintiff.

In her affidavit, it is further stated that on or about January 4, 1929, at the solicitation and request of plaintiff, consented to only in part by the defendant, certain records in the divorce action of Elsman v. Elsman, in the legal custody of the clerk of the respondent court, were ordered by Judge Bartlett, over the protest of said clerk, to be withdrawn so that certain matters therein contained of a scandalous nature and derogatory to the moral character of the plaintiff would not be retained upon the public records; that said records so withdrawn were subsequently destroyed.

In her affidavit she states that all the foregoing facts only recently came to the knowledge of affiant or her counsel of the destruction of the documents, files, and papers in said divorce action, except in the manner stated in the notice of motion; that the facts with reference to the alleged intimacy existing between Judge Bartlett, Ralph Elsman, and his wife, were first learned by defendant and her counsel on or about February 15, 1930. Affiant further states that her motion for a change of place of trial was not earlier filed or presented, because of herself and counsel being engaged in the trial and hearing of the respective motions, and that her motion for change of place of trial was filed and presented as soon as she and her counsel had obtained knowledge of certain matters respecting the bias and prejudice of the trial judge toward affiant.

Because of the foregoing facts, affiant prayed that a change of the place of the trial of said motions be ordered, or that a mistrial be declared, and another

judge be called in to hear and try the respective motions.

The time for hearing of the motion for a change of place of trial or to call in another judge was shortened by court order and came on for hearing on February 25, 1930. The attorneys for Ralph Elsman objected to the hearing or consideration of the motion upon two grounds, to wit: First, that the motion was not timely made; and, second, that it did not state facts sufficient to warrant the granting of the same in any event.

The objections stated were fully argued and upon argument were submitted to Judge Bartlett for ruling and decision. Thereupon Judge Bartlett announced his decision and ruling from the bench. A transcript of the stenographic report made of the court's ruling is incorporated in the record, from which it appears that the court stated, in substance, that he hardly deemed it proper to make a reply to the personal matters suggested in the arguments of counsel, but he felt that he should state that he had enjoyed the hospitality of Mr. Elsman's home occasionally, once in connection with a visit to Washoe Lake to look over the East ditch thereof in connection with certain contested water rights pending in his court, and three or four other times he had ridden horseback in company with Mr. Elsman, and when these proceedings are done, he hoped to have the pleasure of riding with Mr. Elsman again. By way of argument, he stated that he had enjoyed the hospitality of certain counsel of record in the case; that he did not feel or consider that either of counsel felt that a social obligation should be repaid by a judicial favor. He gave expression to his views on the personal side of the grounds of the motion to indicate to the parties that what happens on the other side of his court is one thing; "what happens when I am on this side of my court, facing lawyers and litigants, is an entirely different thing." He stated that he was not called upon to decide upon personal matters, but only to decide upon the law as he

sees it; that the motion made for a change of venue at the close of the moving party's case, after three weeks taking of testimony and counsel for the moving party announced the close on the opening, then the movant, Beatrice Elsman, filed her motion for a change of venue. In conclusion the court said: "It is then ordered, Miss Clerk, that the objection made by plaintiff to the consideration of defendant's motion for a change of venue, based upon the grounds set forth in the motion, be, and the said objection is sustained upon both grounds suggested by counsel for plaintiff; that it has been untimely made, that the facts supporting the motion made by Mrs. Beatrice Elsman are not sufficient, even taken as true, to justify the granting of a change of venue or calling in another judge. You may enter your exception."

Thereupon Beatrice Elsman moved the court for an order staying the trial of the action until the time to appeal, from the order refusing to change the place of trial, shall have lapsed, as provided in section 4 of the Statutes of 1913, at page 113, c. 91, amending section 387 of the civil practice act (Rev. Laws, sec. 5329), relative to appeals from an order granting or refusing to grant a motion to change the place of trial of an action. On, to wit, February 25, 1930, Judge Bartlett declined and refused to make an order for stay as aforesaid and ordered the parties to proceed with the hearing of their respective motions.

Thereafter, on, to wit, February 27, 1930, Beatrice Elsman filed her petition in this court for a writ of prohibition, with the result that a preliminary rule in prohibition issued, which, upon the foregoing statement of facts, it is now sought to make absolute.

Regard being had to the briefs of able counsel, and to the positions assumed and the arguments made therein, it is conceded that the merits or demerits of the petitioner's demand for a change of venue upon the ground of the bias and prejudice of the respondent judge is not involved in this proceeding and is not proposed for consideration. In short, it is insisted on behalf of

394

petitioner that she, having moved the trial court for a change of venue and her motion having been denied, she, relying upon her plain statutory right, comes to this court to safeguard and secure that right by the issuance from this court of a peremptory writ of prohibition, prohibiting the respondent judge from proceeding with the trial of the case until the time to appeal from the order denying petitioner's motion for a change of venue shall have lapsed.

■ An order granting or refusing a change of place of trial is an appealable order. Stats. 1913, p. 113, c. 91. Section 4 of the statute provides as follows: "If an order granting or refusing to grant a motion to change the place of trial of an action is not directly appealed from within the said sixty days, there shall be no appeal therefrom on appeal from the judgment in the case or otherwise, and on demand or motion of either party to an action the court or judge making the order changing or refusing to change the place of trial of an action shall make an order staying the trial of the action until the time to appeal from such order changing or refusing to change, shall have lapsed; or if an appeal from such order is taken until such appeal shall, in the appellate court, or in some other manner, be legally determined."

It is contended on behalf of the petitioner that, under the terms of the statute, it became and was the mandatory duty of the respondent judge to order a stay of the trial of the respective motions pending before him in the case of Elsman v. Elsman until the time to appeal from the order refusing a change had elapsed. By this contention counsel assume that an order refusing a change of venue upon the ground of the bias or prejudice of the judge is an appealable order within the meaning of the statute. If this assumption be held to be erroneous, it follows that the preliminary rule of prohibition issued herein should not be made absolute.

The question involves the construction, interpretation, and the application of the local law relating to change of venue or place of trial. If any distinction

is to be drawn at all in the law between the phrase "venue" and "place of trial," it is a purely arbitrary one. In this opinion the two phrases will be used as convenience suggests.

Nevada has no constitutional provisions relating to change of venue, other than that the legislature shall not pass local or special laws "providing for changing the venue in civil and criminal cases." Section 20, art. 4, of the Constitution.

■ At common law the bias and prejudice of the judge would not disqualify or incapacitate him to try a case. Allen v. Reilly, 15 Nev. 452; McCauley v. Weller, 12 Cal. 500; People v. Williams, 24 Cal. 31; Bulwer, etc., Co. v. Standard, etc., Co., 83 Cal. 613, 23 P. 1109; In Re Davis' Estate, 11 Mont. 1, 27 P. 342.

■ According to the decided weight of authority, the bias and prejudice of the judge is not a ground for change of venue, unless expressly made so by statute. Allen v. Reilly, supra; Hyatt on Trials, secs. 185–380.

In the note to the annotated case of Day v. Day, 10 Ann. Cas. 265 (12 Idaho, 556, 85 P. 531), authorities in support of the proposition that the bias and prejudice of the judge is not a ground for change of venue, unless expressly made so by statute, are cited from the states of California, Colorado, Illinois, Indiana, Iowa, Kansas, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada (Allen v. Reilly, supra), Pennsylvania, and Texas. In the annotator's introductory statement to the note, it is said that the rule laid down in the reported case (Day v. Day) that a party to an action is entitled to a change of venue on account of the bias or prejudice of the trial judge, though there is no statutory provision expressly stating such ground, is against the decided weight of authority in both civil and criminal actions. It is so stated in 27 R. C. L. 810, sec. 30. Consequently, as the right to a change of venue is purely statutory, unless it be invoked upon the terms and in the manner provided in the statute, it does not exist at all.

Counsel for petitioner take the position that an application for a change of venue, based upon an affidavit

alleging the bias or prejudice of the trial judge, is to deprive the judge of further power to proceed in the case, except to make a proper order transferring the case to another judge.

In support of this contention counsel cite and rely upon the provisions contained in section 5015 of the Revised Laws of Nevada, particularly subdivision 2 thereof, which section provides, inter alia, as follows:

"The court may, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of the witnesses and the ends of justice would be promoted by the change."

In Re Davis' Estate, supra, following Allen v. Reilly, supra, the Montana court held that bias or prejudice of the presiding judge is not a legal ground upon which a change of venue may be granted in a civil action, there being no statute expressly disqualifying a judge on that ground. It will be observed from the reported case that the same arguments were advanced there as here, that, in the construction of subdivision 2 of section 5015, principles of common justice should prevail, and that subdivision 2 is broad enough in scope and intent to include cases of bias and prejudice of the trial judge as a ground for change of the place of trial, or to call in another judge. It is insisted that any other construction would be tantamount to saying that a party shall try his case before a judge, notwithstanding he is so biased and prejudiced against him that a fair and impartial trial cannot be had. In response to the argument, the Montana court held that a statute authorizing a change of venue "when there is reason to believe that a fair and impartial trial cannot be had" does not include authority for the change for the bias or prejudice of the judge. It was argued in that case, as is argued here, that "when there is reason to believe that an impartial trial cannot be had" because of the bias

or prejudice of the judge it became and was the duty of the respondent judge, under subdivision 2 of the statute, to order a change of venue.

■ It must be apparent to the most casual investigator that changes of venue relate solely to changes of the place of trial and in no logical sense to a mere change of judges. Therefore, in the true sense in which we are here compelled to consider the statute, the phrase "place of trial" as used therein does not mean the judge or the court. "It is a misnomer to speak of a proceeding to change the trial judge in a case as a change of venue, which means a change in the place of trial." State ex rel. McAllister v. Slate, 278 Mo. 570; 214 S. W. 85, 8 A. L. R. 1226.

In most jurisdictions the bias and prejudice of the judge is expressly made by statute a ground for a change of venue, but not so in Nevada.

A brief recourse to the history of the law supports the view that subdivision 2, neither by interpretation or construction, includes cases of bias or prejudice of the judge as a ground for a change of place of trial. Little or no distinction is made between disqualification and bias or prejudice; but they are by no means the same thing, and the distinction is recognized in the legislation upon the subject in Nevada. The first legislation on the subject of the disqualification of judges occurred in 1865. Stats. 1865, p. 116, c. 19, sec. 45. This statute was amended in 1907 to read as follows: "A judge shall not act as such in an action or proceeding to which he is a party, or in which he is interested. Second, when he is related to either party by consanguinity or affinity within the third degree. Third, when he has been attorney or counsel for either party in the action or proceeding. Fourth, when he is related to any attorney or counselor, for either of the parties, by consanguinity or affinity within the fourth degree." Stats. 1907, p. 25, c. 11.

The statute was again amended in 1927 by adding thereto certain provisos, not material to be stated.

The statute relating to *change of venue* up to the year

1895 provided that such a change could be had, first, when the county designated in the complaint was not the proper county; second, when there was reason to believe that an impartial trial could not be had therein; third, when the convenience of witnesses and the ends of justice would be promoted by the change; and, fourth, *when for any cause a judge was disqualified from acting in the action.* In 1895 the statute was amended to read as follows: "When from any cause the judge is disqualified from acting in the action, except in any case when it shall appear by the affidavit of either party to the action, at any time before trial, that said party cannot, by reason of the interest, bias or prejudice of the judge have a fair and impartial trial, in which case the judge so designated in said affidavit shall not further preside in the case, but instead of ordering a change of place of trial to another county, may invite another judge to preside in, hear and decide said case." Stats. 1895, p. 64, c. 70.

In 1897 subdivision 4 of the statute quoted was made to read as follows: "When from any cause the judge is disqualified from acting in the action. When the place of trial is changed, all other proceedings shall be had in the county to which the place of trial is changed; unless otherwise provided by consent of the parties in writing duly filed, or by order of the court, and the papers shall be filed, or transferred, accordingly." Stats. 1897, p. 87, c. 73.

Section 73 of our present civil practice act adopted and approved by legislative enactment in 1912 provides, inter alia, as follows:

"The court may, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of the witnesses and the ends of justice would be promoted by the change. *   *   * "

█ It is well settled that the repeal of a statute is either express or implied. An implied repeal takes place when a new law contains provisions contrary to those of the former law, without expressly repealing the same. It will be observed that the present civil practice act, as adopted and approved in 1912, relating to change of venue, omits from its provisions those contained in the prior statutes relating to the disqualification of a judge because of his interest, bias, or prejudice as a ground for change of place of trial or to invite in another judge to preside where the judge is disqualified. The omission from the present practice act of the prior provisions relating to the disqualification of judges evinces the legislative intention that the disqualification, bias, and prejudice of a judge should not be a ground for change of venue.

█ From the review of the authorities, the legislative history of the statute, and the statute itself, the deduction is clear that where, as in this state, there is no statute which authorizes a change of the place of trial for the bias or prejudice of the judge, we are compelled to conclude that the respondent court in refusing to make an order staying the trial or hearing of the motions in the case of Elsman v. Elsman, until the time to appeal from the order refusing a change of place of trial had elapsed, acted within and not in excess of its jurisdiction.

It follows, therefore, that the petition for the writ should be denied and the proceeding dismissed.

It is so ordered.