STATE Ex Rel. GERMAIN, Public Administrator of Washoe County, v. SECOND JUDICIAL DISTRICT COURT, in and for Washoe County, Et Al.

No. 3128

November 5, 1935.                    51 P. (2d) 219.

*J. W. Dignan,* for Petitioner:

332

*Ayres, Gardiner & Pike,* Amici Curiæ, for Respondent:

## OPINION

By the Court, TABER, J.:

Original proceeding in mandamus.

In June, 1935, H. J. Gazin filed in department No. 2 of the Second judicial district court, Washoe County, a petition praying for the admission to probate of the will of Charles Wind, and for the issuance of letters of administration with will annexed to said petitioner. Subsequently James Germain, public administrator of Washoe County, filed written opposition to the granting of said Gazin's petition, asserting his own right to the administration of said estate, and praying that letters of administration with will annexed be issued to himself. This paper was filed in accordance with section 9643 N. C. L., which provides as follows: "Any person interested may contest the application by filing a written opposition thereto, on the ground of the incompetency of the applicant, or may assert his own right to the administration, and pray that letters be issued to himself."

Section 9637 N. C. L. sets forth the order in which those competent to administer shall be respectively entitled. The public administrator is ninth in order of preference; eleventh in order comes "Any person or persons legally competent." The public

administrator in the court below is the petitioner for writ of mandate in this court. He contends that said H. J. Gazin is simply a person legally competent; thus being eleventh in order of preference. Mr. Gazin's petition in the lower court recites that Charles Wind died in San Francisco, was a resident of that city, but left estate in the county of Washoe, State of Nevada. The will offered for probate names testator's brother, Bernard E. Wind, as executor; but he had predeceased testator, and Isidore Wind, testator's uncle, wrote a letter to Mr. Gazin, requesting the latter to act as administrator of said estate of Charles Wind, deceased.

After the filing of the Gazin petition in the court below and of the public administrator's opposition thereto in said court, the attorney for the public administrator, under the provisions of section 8407 N. C. L. (Stats. 1931, c. 153, sec. 1), filed an affidavit of bias or prejudice of the presiding judge, accompanied by a demand that the matters above mentioned be transferred to another judge. The presiding judge, Hon. B. F. Curler, declined to transfer said matters as demanded, and the public administrator in the present proceeding prays that this court require said presiding judge of the district court to make the transfer demanded.

Section 8407 N. C. L., as amended (Stats. 1931, c. 153, sec. 1), reads as follows: "A judge shall not act as such in an action or proceeding: First, when he is a party or interested in the action or proceeding. Second, when he is related to either party by consanguinity or affinity within the third degree. Third, when he has been attorney or counsel for either of the parties in the action or proceeding. Fourth, when he is related to an attorney or counselor for either of the parties by consanguinity or affinity within the fourth degree. Fifth, if either party to a civil action in the district court or his or its attorney or agent shall file an affidavit alleging that the affiant has cause to believe and does believe that on account of the bias or prejudice or interest of said judge he cannot obtain a fair and

impartial trial, the said judge shall at once transfer the action to some other department of the court, if there be more than one department of said court in said district, or request the judge of some other district court of some other district to preside at the hearing and trial of such action; provided, the party filing such affidavit for change of judge shall at time of filing same pay to the clerk of the court in which such affidavit is filed the sum of twenty - five dollars, which sum shall be by the clerk transmitted to the state treasurer, who shall place the same to the credit of the district judges' traveling expense fund; provided, that this section shall not apply to the arrangement of the calendar, or the regulation of the order of business; and provided further, that the fourth subdivision of this section shall not apply to the presentation of ex parte or uncontested matters, except in fixing fees for attorneys related within the degree of consanguinity or affinity therein specified."

■ The public administrator contends that the matter in which he seeks to disqualify the presiding judge in the district court is a "civil action" within the meaning of those words used in the fifth subdivision of said section 8407. Respondent's position is that the proceeding in which the disqualifying affidavit was filed is not a "civil action" as those words are used in the fifth subdivision of said section 8407.

In Haley v. Eureka County Bank, 21 Nev. 127, 26 P. 64, 67, 12 L. R. A. 815, an action is defined as "a legal prosecution by a party complainant against a party defendant, to obtain the judgment of the court in relation to some rights claimed to be secured, or some remedy claimed to be given by law to the party complaining." In Gates v. Columbia - Knickerbocker Trust Co. (C. C. A.) 233 F. 359, 362 (appeal from the district court of the United States for the District of Nevada), the court said: "Black in his Law Dictionary cites the definition of an action given in the supreme court of Nevada in Haley v. Eureka County Bank et al., 21 Nev. 127, 26 P. 64, 12 L. R. A. 815. * * * We agree with

Judge Farrington, who said: 'The reference is to civil actions only. The statute quoted is a part of the Civil Practice Act, which elsewhere (Rev. Laws, secs. 4943, 4944) states there shall be in this state (Nevada) but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs. In such action the party complaining shall be known as the plaintiff, and the adverse party as the defendant.' "

In the third edition of Black's Law Dictionary, published in 1933, the term "civil action," *as used in code practice,* is defined as "a proceeding in a court of justice in which one party, known as the 'plaintiff,' demands against another party, known as the 'defendant,' the enforcement or protection of a private right, or the prevention or redress of a private wrong."

Article 6, sec. 14, of the Nevada constitution, reads: "There shall be but one form of civil action, and law and equity may be administered in the same action." Section 1 of the civil practice act (section 8500 N. C. L.) provides that "there shall be in this state but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs." The following section (8501 N. C. L.) provides that "in such action the party complaining shall be known as the plaintiff, and the adverse party as the defendant."

Section 74 of the civil practice act (section 8573 N. C. L.) provides that "civil actions in the district courts shall be commenced by the filing of a complaint with the clerk of the court, and the issuance of a summons thereon."

In re Escover's Estate, 108 Cal. App. 697, 292 P. 167, 168, was decided in 1930. In that case the district court of appeal used the following language: "Two points are raised by appellants: First, that the probate court erred in denying their motion for a trial by jury. The denial was based upon the express provisions of section 1330, Code of Civil Procedure, which reads in part: 'In all cases of petitions to revoke the probate

of a will wherein the original probate was granted without a contest, * * * a trial by jury must be had.' As the original probate was granted after a contest wherein the contestants might have had the issues tried by a jury if they had so demanded, it is evident that, so far as our statutory law is concerned, they did not have that right on the second trial. Hence, the only question remaining is whether our statutory law is valid in view of section 7 of article 1 of the Constitution, which secures the right of trial by jury 'in civil actions.' This was determined adversely to appellants in Re Estate of Dolbeer, 153 Cal. 652, 657, 96 P. 266, 15 Ann. Cas. 207. This 'right' was secured only in those cases where it existed in the common law. It was not recognized as a right in probate matters in the common law because such matters belonged to the ecclesiastical jurisdiction, where trial by jury was not a right."

■ This court, on several occasions, has pointed out that the bias or prejudice of a judge would not, at common law, disqualify or incapacitate him to try a case. Allen v. Reilly, 15 Nev. 452; State ex rel. Elsman v. Second Judicial District Court, 52 Nev. 379, 287 P. 957; Roberts Mining & Milling Co. v. Third Judicial District Court, 56 Nev. 299, 50 P.(2d) 512.

In Leonard v. Ekwall, 124 Ore. 351, 264 P. 463, 466, an attempt was made to require the presiding judge of the circuit court for Multnomah County to transfer proceedings in the matter of the guardianship of an alleged incompetent to another department of said court. In the course of its opinion the court said: "No member of the bar, so far as known, since this law has been in force, for more than eight years, has ever attempted to apply the Affidavit of Prejudice Act to a judge exercising probate jurisdiction. The cardinal rule for the construction of a statute is to ascertain from the language thereof the intent of the lawmakers as to what purpose was to be served, or what object was designed to be attained. If the Legislature had intended that the Affidavit of Prejudice Act should be

applied in probate procedure it would have undoubtedly used some plain language referring to such a practice to indicate such intent."

In Appeal of Slattery, 90 Conn. 48, 96 A. 178, 179, the supreme court of errors of Connecticut said: "The accepted meaning of the term 'civil action' in this state is very well illustrated by the provision of our Practice Act (Gen. St. 1902, sec. 607) that: 'There shall be but one form of civil action and the proceedings therein shall be as follows: The first pleading shall be a complaint and shall contain a statement of the facts constituting the plaintiff's cause of action and a demand for the relief to which he supposes himself entitled.' Controversies arising in the probate court in the course of the settlement of estates are not civil actions in that sense. They are not commenced by the service of process, and no complaint or other pleadings are required. On the contrary, the parties to such controversies are not permitted to delay the settlement of the estate by instituting civil actions in the courts of general jurisdiction to determine their rights. Public interest requires that so far as the determination of their controversies is necessary to the settlement of the estate they should be determined in the probate court as matters incidental to such settlement, by the informal proceedings which are customary in those courts."

The foregoing authorities convince us that the term "civil action" as used in subdivision 5 of section 8407 N. C. L., as amended, Stats. 1931, c. 153, sec. 1, p. 247, does not include a proceeding such as that in which it is sought to disqualify the presiding judge of department 2 of the Second judicial district court.

■ Petitioner directs our attention to section 9881 N. C. L.: "When not otherwise specially provided in this act all the provisions of law regulating proceedings in civil cases shall apply in matters of estate, when appropriate, or the same may be applied as auxiliary to the provisions of this act." The section relied upon to disqualify the presiding judge of department 2 of

the district court is not, in our opinion, a provision of law "regulating proceedings in civil cases." It is a section of "An Act concerning the Courts of Justice of this State, and Judicial Officers," Stats. 1864–65, c. 19, approved January 26, 1865. This is a separate act and is not included in the civil practice act; the latter being entitled "An Act to *regulate proceedings in civil cases* in this state and to repeal all other acts in relation thereto." (Italics are ours.)

We deem it unnecessary to determine other questions presented in this proceeding. The petition for a peremptory writ of mandamus is denied, and the alternative writ dismissed.