VIRGINIA KIRK CORD, PETITIONER, v. SECOND JUDI-CIAL DISTRICT COURT OF THE STATE OF NEVADA, DEPARTMENT NO. 3, JOHN E. GABRIELLI, DISTRICT JUDGE, RESPONDENT.

No. 8123

April 16, 1975                    533 P.2d 1355

*Nada Novakovich,* Reno, for Petitioner.

*Bradley & Drendel, Ltd.,* and *John Squire Drendel,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The sole question in this original proceeding in mandamus is whether an affidavit of prejudice, timely filed pursuant to the provisions of NRS 1.230(5), is applicable to contested proceedings in probate.

Petitioner, seeking to challenge an application for a confirmation of a sale of real property, filed an affidavit of prejudice against respondent judge. On motion, the judge ordered the affidavit stricken because, he reasoned, under the decision of this court in State Ex Rel. Germain v. District Court, 56 Nev. 331, 51 P.2d 219 (1935), an affidavit of prejudice, timely filed pursuant to the provisions of NRS 1.230(5), ". . . does not apply to probate proceedings, even though they are adversary."

We believe that respondent judge correctly interpreted *Germain;* however, in our view, *Germain* was incorrectly decided, and must be and is hereby overruled.

In *Germain,* Mr. Justice Taber concluded that, *in his opinion,* the statute relating to disqualification of judges was not "a provision of law 'regulating proceedings in civil cases;' " rather, it was "a section of 'An Act concerning the Courts of Justice of this State, and Judicial Officers, . . .' " 56 Nev. at 339, 51 P.2d at 222. Mr. Justice Taber neither cited authority for his view, nor did he attempt to establish any explanation of why he considered the statute, first enacted by Stats. of Nev., 1864–1865,

c. 19, pp. 116–117, inapplicable to contested estate, or probate, proceedings.

The rule of disqualification has elsewhere been held to be applicable in probate matters. Payne v. Lee, 24 N.W.2d 259 (Minn. 1946). When judicial functions are involved in probate proceedings, a probate judge, like a judge in any other civil proceedings, has been held subject to disqualification. State v. Vosloh, 54 N.E.2d 650 (Ind. 1944).

We note that *Germain* is one of only three reported decisions we have found that, under any theory, held that estate, or probate matters were not considered to be "civil actions." The other two cases are: Bowen v. Stewart, 26 N.E. 168 (Ind. 1891), and McClelland v. Bristow, 35 N.E. 197 (Ind.App. 1893), both of which held that an application to remove an administrator was not a "civil action" within their change of venue statute. These two cases appear to be contra to the Indiana Court's prior decisions in Scherrer v. Ingerman, 11 N.E. 8 (Ind. 1887), and Lester v. Lester, Executor, et al., 70 Ind. 201 (Ind. 1880), and to have been overruled, at least by implication, in Daniels v. Bruce, 95 N.E. 569 (Ind. 1911). Both *Scherrer* and *Daniels* held that an action under a statute relating to a change of venue, which was not included as a part of a "civil practice act," was a "civil action" and applied to probate proceedings where, as here, there was a petition by an administrator, for permission to sell real estate. Compare Fort v. White, 101 N.E. 27 (Ind.App. 1913), where a proceeding to set aside the probate of a will was held to be a "civil action," within the same statute. See also, Clow's Estate v. Clow, 167 S.W. 2d 903 (Mo.App. 1942), and cases cited therein; and, *Lester, supra,* where the Indiana court noted that estate, or probate, matters were considered to be "civil actions," saying: "The reason and spirit of the statute are as applicable to cases of claims against an estate as to other civil actions. A claim against an estate should no more be tried before a biased, prejudiced or interested judge than any other civil action." Accord: State v. O'Byrne, 46 N.E.2d 687 (Ind. 1943).

NRS 1.230(5) specifically provides: "A judge shall not act as such if either party to a *civil action* in the district court shall file an affdavit. . . . The judge shall proceed no further therein. . . ."

NRS 155.180 provides that ". . . all the provisions of law and the Nevada Rules of Civil Procedure regulating proceedings in civil cases apply in matters of estate, when appropriate, or the same may be applied as auxiliary to the provisions" of the probate code. Thus, we think that for the instant purposes,

estate or probate matters are considered to be civil actions and subject to laws and rules relating to civil cases. Cf. State v. Langan, 32 Nev. 176, 105 P. 568 (1909); In Re Kasson's Estate, 74 P. 436 (Cal. 1903).

Once petitioner's affidavit was filed, respondent was obligated to terminate all proceedings. NRS 1.230(5); NRS 155.-180. Accordingly, we

ORDER that a peremptory writ of mandamus issue forthwith, commanding respondent to desist and refrain from any further proceedings, save and except an order transferring these proceedings to another judge.