ESTHER P. PETERS, Appellant, *v.* DONALD G. PET-ERS, Jr., Executor for the Estate of DONALD G. PETERS, Sr., Deceased, Respondent.

No. 8426

December 21, 1976                   557 P.2d 713

[Rehearing denied January 19, 1977]

*Diehl, Evans & Recanzone,* of Fallon, for Appellant.

*George W. Swainston,* and *Eric L. Richards,* of Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

Donald G. Peters, Sr., and Esther P. Peters married on February 22, 1944. In December, 1972, the couple separated; on March 13, 1973, Donald, Sr., executed a new will, and the next day he filed for divorce.

In the divorce proceedings Esther filed an answer and counterclaim alleging that "the parties have acquired certain community property," both real and personal. In his reply, Donald, Sr., admitted that allegation and only denied the amount of the balance of the savings and checking accounts.

On August 8, 1973, Donald, Sr., died, and pursuant to the request in his will, respondent, who is the couple's only son, was appointed executor of his estate.

On April 2, 1974, respondent filed in the estate proceeding a "Petition for Declaratory Relief to Determine Status of Certain Real and Personal Property," seeking to have the property described therein declared to be community property and subject to administration in the Estate of Donald G. Peters, Sr.

1.  Initially appellant claims that respondent's petition for a declaratory judgment under NRS 143.110 was not a valid proceeding in the probate matter. That contention has been answered by this court in Cord v. District Court, 91 Nev. 260, 262, 263, 533 P.2d 1355 (1975), where we overruled State Ex Rel. Germain v. District Court, 56 Nev. 331, 51 P.2d 219 (1935), and held that ". . . [E]state or probate matters are considered to be civil actions and subject to laws and rules relating to civil cases."

2.  Although it is not disputed that the real property was acquired with community funds during marriage, appellant claims error in the trial court's "findings of fact," that: (1) the real property, as well as the proceeds from the life insurance on

Donald G. Peters, Sr., were community property, and (2) in its conclusion of law that the burden of proof was on Esther P. Peters to show that the property was not community property.

In this state, unless otherwise provided by law, decree, or agreement, all property acquired after marriage is considered to be community property, NRS 123.220,[1] and that presumption can only be overcome by clear and convincing evidence. Todkill v. Todkill, 88 Nev. 231, 495 P.2d 629 (1972); Kelly v. Kelly, 86 Nev. 301, 468 P.2d 359 (1970).

With misdirected reliance on Burdick v. Pope, 90 Nev. 28, 518 P.2d 146 (1974), the district court held that the joint tenancy deeds conveying all the real property here involved to Esther and Donald, Sr., as joint tenants, and not as tenants in common, with full rights of survivorship, did not without other clear and certain independent evidence overcome the presumption that such property purchased with community funds was community property. NRS 123.220.

Burdick v. Pope, supra, is inapposite. There, a wife, during marriage, took real property solely in her name, and we held that the phrase "her sole and separate property" in the deed standing alone without supporting evidence is not the clear and certain proof required to overcome the presumption of community property.

Property held in the individual name of a spouse or in the name of both spouses as tenants in common can be compatible with the concept of community property, but property held in joint tenancy cannot because certain incidents of joint tenancy would be inconsistent with incidents of community property. Tomaier v. Tomaier, 146 P.2d 905 (Cal. 1944). Whenever property nominally held in joint tenancy is determined to be community property the right of survivorship is destroyed and is brought within the laws of descent and distribution.

The undisputed fact that the title to all the real property of

---

[1]NRS 123.220: "All property, other than that stated in NRS 123.130, acquired after marriage by either husband or wife, or both, is community property unless otherwise provided by:

"1.  An agreement in writing between the spouses, which is effective only as between them.

"2.  A decree of separate maintenance issued by a court of competent jurisdiction.

"3.  NRS 123.190."

Esther and Donald, Sr., was in joint tenancy is the clear and certain proof needed to overcome the presumption that it was community property. In Bowman v. Bowman, 308 P.2d 906, 907 (Cal.App. 1957), that court said: "The deed to the property was taken in joint tenancy. This fact raises a rebuttal presumption that the property was, in fact, held in joint tenancy, and places on the party claiming it to be community property the burden of overcoming the presumption. Schindler v. Schindler, 1954, 126 Cal.App.2d 597, 272 P.2d 566; Jones v. Jones, 1955, 135 Cal.App.2d 52, 286 P.2d 908. The fact that the property was purchased with community funds, standing alone, is insufficient to rebut the presumption created by the form of the deed. Gudelj v. Gudelj, 1953, 41 Cal.2d 202, 259 P.2d 656." See Machado v. Machado, 375 P.2d 55 (Cal. 1962); Pantano v. Pantano, 521 P.2d 640 (Ariz.App. 1974); Perkins v. West, 265 P.2d 538 (Cal.App. 1954). Nor will the fact that community funds, earnings and efforts were used to build up and materially increase the value of the joint tenancy property without further proof of an original intent or subsequent agreement to hold the property as community, prove a transmutation from joint tenancy. Mullikin v. Jones, 71 Nev. 14, 278 P.2d 876 (1955).

Here the burden was upon the respondent to prove through clear and convincing evidence that the real property which was held in joint tenancy with right of survivorship had been nevertheless transmuted into community property. Petition of Fuller, 63 Nev. 26, 159 P.2d 579 (1945); Mullikin v. Jones, supra. The district court erroneously concluded that "Esther Peters has the burden of proof to show all property acquired after the marriage is not community property. . . ."

We now examine the record to determine whether there is any substantial evidence to overcome the presumption created by the joint tenancy deeds. Except for the bare conclusion in Esther's counterclaim to the divorce action "that the parties have acquired certain community property," and Donald, Sr.'s reply to the counterclaim, there is absolutely no evidence presented by respondent to establish that the real property in the names of Esther and Donald, Sr., at the time of his death was intended to be held as community property. The meager evidence presented by Esther under the erroneous burden of proof placed on her by the district court was to the effect that she and Donald, Sr., intended to hold the property as joint tenants with right of survivorship.

Respondent's contention that Esther's conclusory allegation in her counterclaim filed in the divorce action is conclusively binding upon her is unsupportable in law. Although inconsistent allegations made in a prior pleading are admissible in evidence for the purpose of impeachment, such allegations must be statements of fact. Furthermore they are not conclusive and are rebuttable by the pleader. Auto Fair, Inc. v. Spiegelman, 92 Nev. 656, 557 P.2d 273 (1976); Whittlesea Blue Cab Co. v. McIntosh, 86 Nev. 609, 472 P.2d 356 (1970).

The opinion of either spouse as to whether property is separate or community is of no weight whatever. In Re Wilson's Estate, 56 Nev. 353, 53 P.2d 339 (1936); Barrett v. Franke, 46 Nev. 170, 208 P. 435 (1922). See Morse v. Scott, 130 S.W.2d 1041 (Tex.Civ.App. 1939).

No fact or facts were alleged in Esther's counterclaim showing the conduct, expressions or intent of the parties at the time of the taking or during the holding of the real property. There was not even an allegation that the property was acquired during the marriage or that community funds were used to purchase and improve it. She merely listed in general terms the property which she believed the parties had acquired. Absent proof of intent or agreement to the contrary, the taking and holding of the property in joint tenancy was tantamount to an agreement so to hold it. Mullikin v. Jones, supra.

3. Donald, Sr., purchased a life insurance policy and named Esther as beneficiary. The premiums on the policy had been paid out of community funds. The trial court erred in holding that the policy was community property and that one-half of the proceeds should be distributed to Esther, with the remaining one-half to become an asset of the Estate of Donald G. Peters, Sr. Upon this record, Esther, as the named beneficiary at the time of Donald, Sr.'s death, was entitled to receive the entire proceeds from the policy. When one spouse is the named beneficiary in the life insurance policy of the other spouse, and remains so at the time of the insured's death, all proceeds vest at that moment in the surviving spouse as separate property even though all the premiums had been paid with community funds. Cf. Grimm v. Grimm, 157 P.2d 841 (Cal. 1945). See In Re Miller's Estate, 71 P.2d 1117 (Cal.App. 1937).

Inapposite are cases relied upon by respondent where the named beneficiary is other than the widow who was awarded one-half of the proceeds as her share of the community property. See, Tyre v. Aetna Life Ins. Co., 353 P.2d 725 (Cal. 1960); Blethen v. Pacific Mut. Life Ins. Co., 243 P. 431 (Cal. 1926); New York Life Ins. Co. v. Bank of Italy, 214 P. 61 (Cal.App. 1923).

We reverse that part of the judgment adjudging and decreeing that the real property as described in Exhibit "A" and the improvements thereon, as well as all policies of life insurance insuring the life of Donald G. Peters, Sr., are community property and are subject to administration of the estate of Donald G. Peters, Sr., and remand for the entry of an amended judgment not inconsistent with this opinion.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.