**In re John T. GORMAN, Debtor.**

**Gloria GORMAN, Appellant,**

**v.**

**Robert COCHRANE, Chapter 7 trustee, Appellee.**

**BAP No. NV–93–1136–RMeAd.**

**Bankruptcy No. 88–21624–LBR.**

United States Bankruptcy Appellate Panel Ninth Circuit.

Argued and Submitted Sept. 24, 1993.

Decided Oct. 14, 1993.

544

Robert C. LePome, Las Vegas, NV, for appellant.

Nancy E. Killeen, Las Vegas, NV, for appellee.

Before: RUSSELL, MEYERS, and ADLER [1], Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

The Debtor's wife filed a motion to determine the appropriate disposition of the proceeds after the sale of joint tenancy property by the Chapter 7 trustee.[2] The court ruled the proceeds were community property and the estate was entitled to all of the property. The wife appeals. We REVERSE.

## I. FACTS

On or about November 6, 1972, John T. Gorman, ("Debtor") and Gloria Gorman ("Appellant") acquired property by warranty deed. Since the Appellant and the Debtor were legally married, the acquisition was community property under Nevada law.

On or about November 5, 1976, the Debtor and Appellant quitclaimed their community property interests in the property to "JOHN T. GORMAN and GLORIA H. GORMAN, Husband and Wife, as Joint Tenants with Right of Survivorship." The deed was properly recorded.

On or about June 1, 1988, the Debtor filed a Chapter 7 petition. The Appellant did not join in this case.

On or about September 9, 1988, the Debtor's joint tenancy property was sold by the Chapter 7 trustee/appellee ("Trustee"). After the sale, the Appellant moved the court for an order directing the Trustee to release and distribute one-half of the sale proceeds to her as a joint tenant pursuant to § 363(j).[3]

---

**1.** The Honorable Louise DeCarl Adler, Bankruptcy Judge from the Southern District of California, sitting by designation.

**2.** Unless otherwise indicated, all chapter, section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal

Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

**3.** Section 363(j) provides in relevant part: "After a sale of property ... the trustee shall distribute to the debtor's spouse or the co-owners of such property ... the proceeds of such sale, less the

On or about January 21, 1993, the court denied the Appellant's motion and held that the sale proceeds were community property, thus the proceeds were property of the estate pursuant to § 541(a)(2). The Findings of Fact and Conclusions of Law were entered on September 12, 1992. On January 21, 1993, the court entered its order denying Appellant's motion. The Appellant filed her Notice of Appeal on January 29, 1993.

## II. ISSUES

A.) Whether the Appellant's Notice of Appeal was timely filed.

B.) Whether the court erred in concluding that the proceeds from the sale of the property were community property.

## III. STANDARD OF REVIEW

■ A bankruptcy court's findings of fact will not be reversed unless clearly erroneous. Fed.R.Bankr.P. 8013; *In re McCoy*, 111 B.R. 276, 278 (9th Cir. BAP 1990). Conclusions of law are subject to *de novo* review. *McCoy*, 111 B.R. at 278.

## IV. DISCUSSION

A. *The Appellant's Notice of Appeal was Timely Filed.*

■ The Trustee has raised the issue of timeliness of the Notice of Appeal. Essentially, the Trustee asserts that the "Findings of Fact and Conclusions of Law" entered on the court docket on September 12, 1992 was a final order. Thus, any Notice of Appeal would have needed to be filed by September 22, 1992 in order to preserve the appeal. We disagree.

Rule 9021 provides the "separate document rule." The rule states, in pertinent part, that "[e]very judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document." Rule 9021. The purpose of the rule is to eliminate uncertainty as to whether an opinion or memorandum of the court is a judgment. Fed.R.Bankr.P. 9021, 1983 Advisory Committee's Note; *See also In re Stainton*, 139 B.R. 232, 233–34, n. 1 (9th Cir. BAP 1992) (explaining "separate document rule").

On January 21, 1993, the court order was entered titled "Order regarding Motion for Re-hearing of Renewed Motion to Determine Appropriate Disposition of Property." This was the final appealable order under Rule 9021. The Appellant filed her Notice of Appeal within the 10–day time period prescribed by Rule 8002(a). We therefore hold that the Notice of Appeal was timely filed.

B. *The Proceeds of the Sale Are Held in Joint Tenancy.*

■ Nevada is a community property state. Property acquired after marriage is presumed to be community property. Nevada Revised Statute ("NRS") § 123.220 provides:

All property, other than that stated in NRS 123.130 [separate property of spouse], acquired after marriage by either husband or wife, or both, is community property unless otherwise provided by:

(1) An agreement in writing between the spouses, which is effective only as between them.

(2) A decree of separate maintenance issued by a court of competent jurisdiction.

(3) NRS 123.190 [separate earnings deemed gift if retained by one spouse].

(4) A decree issued or agreement in writing entered pursuant to NRS 123.-259 [division of community assets].

Nev.Rev.Stat. § 123.220 (1991).

By its own terms NRS § 123.220(1) was intended to only bind the spouses, and does not deal specifically with the effect of the transmutation on third parties. This is obviously left to other statutory provisions and case law. For instance, Nevada also provides that spouses may hold property as joint tenants.[4] Nevada law also provides

---

costs and expenses ... of such sale, according to the interests of such spouse...." § 363(j).

**4.** NRS § 123.030 states: "A husband and wife may hold real or personal property as joint

that duly recorded deeds serve constructive notice on subsequent purchasers and mortgagees.[5]

■ The community property presumption may be overcome by clear and convincing evidence of the intent and actions of the parties. *See Forrest v. Forrest*, 99 Nev. 602, 604–05, 668 P.2d 275, 277 (1983).

The Supreme Court of Nevada has addressed this issue in *Peters v. Peters*, 92 Nev. 687, 690–91, 557 P.2d 713, 715 (1976). In *Peters*, the issue was whether property which was held in joint tenancy had been transmuted into community property. The testator's son filed an estate proceeding to have both real property and life insurance proceeds declared to be community property and subject to administration in the estate of the testator. The testator and his wife had recorded a deed. The deed indicated that the real property was held in joint tenancy.

The court concluded that:

The fact that the property was purchased with community funds, standing alone, is insufficient to rebut the presumption created by the form of the deed. Nor will the fact that community funds, earnings and efforts were used to build up and materially increase the value of the joint tenancy property without further proof of an original intent or subsequent agreement to hold the property as community, prove a transmutation from joint tenancy. [citations omitted]

*Peters*, 92 Nev. at 691, 557 P.2d at 715–16.

■ In this case, Debtor and Appellant transmuted the property to a joint tenancy in 1976. The Debtor filed a Chapter 7 petition in 1988. There is no evidence of any wrongdoing or fraud which might make this transfer invalid.

While it is true that the presumption of joint tenancy is rebuttable, the Trustee has not offered any evidence which would re-

but that presumption. The mere facts that the property was purchased with community property funds and that the mortgage payments were made with community property funds, by itself, are not enough to rebut the joint tenancy presumption once established. We hold that the property was clearly held in joint tenancy and the Trustee must return one-half of the sale proceeds plus any accrued interest to the Appellant.

## V. CONCLUSION

The Appellant timely filed her Notice of Appeal within the 10–day time period prescribed by Rule 8002(a). The Trustee has presented no evidence sufficient to rebut the joint tenancy presumption. We conclude that the bankruptcy court erred in finding that the sale proceeds were community property. Accordingly, we RE-VERSE.

---

tenants, tenants in common, or as community property."

**5.** NRS § 111.320 states: "Every such conveyance or instrument of writing, acknowledged or proved and certified, and recorded in the manner prescribed in this chapter, shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice."