**In re Jack S. McCOY, Debtor.**

**Bankruptcy No. 87–03326–H11.**

United States Bankruptcy Court,
S.D. California.

Aug. 24, 1988.

N. James Richardson, Karp & Richardson, San Diego, Cal., for debtor.

Robert D. Middendorf, Sullivan, Delafield, McDonald & Middendorf, San Diego, Cal., for Bank of America.

MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether the proceeds from the sale of community property may be used to satisfy debts incurred by the debtor for business purposes subsequent to separation from his wife but prior to the dissolution of their marriage.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157 and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

FACTS

Debtor and his wife, Sherry McCoy ("the McCoys") married on April 5, 1969. The McCoys separated on January 10, 1985. A petition for dissolution of their marriage was filed in San Diego County Superior Court on June 5, 1985. On May 8, 1987, debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On the date of the filing of the Chapter 11 petition, the McCoy's marriage had not been dissolved nor had the McCoy's community property assets been divided.

Among the community property assets was the McCoys' residence located at 1045 Loma Avenue, Coronado, California ("the Loma Avenue property"). On June 15, 1988, this court entered its order authorizing the sale of the Loma Avenue property at private sale.

At the hearing on the motion to sell the Loma Avenue property, debtor requested that after the distribution of the proceeds of the sale pursuant to 11 U.S.C. § 726(c) Mrs. McCoy receive her community property share of the remaining net sale proceeds. As a sub-issue of this request, a dispute arose regarding the treatment of several pre-petition and administrative claims incurred by the debtor for business purposes between the January 10, 1985 separation of the debtor and Mrs. McCoy and the filing of the Chapter 11 petition. The court requested supplemental briefing and a continued hearing on this sub-issue.

At the continued hearing on July 13, 1988, this court took the matter under submission.

## DISCUSSION

 In determining the property rights of a husband and wife, the California legislature has created a statutory scheme which seemingly recognizes four critical periods. These periods are (1) premarriage; (2) during marriage; (3) post-separation/pre-dissolution (the "window period"); and (4) post-dissolution. The case at bar deals with the question of whether community property can be used to satisfy debts incurred by a spouse during the window period. In reviewing the statutes, this court concludes that community property can be used to satisfy debts incurred by a spouse during the window period. In reaching this conclusion, the court was guided by the observation that under California law, a marriage may be dissolved in one of three ways: (1) the death of one of the parties, (2) a court judgment decreeing a dissolution of the marriage, or (3) a judgment of nullity. Cal.Civ.Code § 4350. It is not sufficient for a dissolution of marriage that a couple merely separate and decide to live apart. In the case at bar, at the time the debts were incurred, the McCoys were merely separated by their own consent and had not yet had their marriage dissolved by a court judgment. While husband and wife are legally married (including time within the window period), their community property is liable for all debts incurred by either spouse. However, once a judgment of dissolution is entered, or prior to that time, by an agreement between the spouses, all debts incurred by either spouse are adjusted by statute or agreement so that they are either community or separate obligations. This adjustment often involves transmutation of obligations, such that the judgment of dissolution or the agreement may change the character of these obligations.

Section 5120.110 of the California Civil Code provides that community property is liable for a debt incurred by either spouse during the marriage. Specifically, § 5120.110(a) provides, in pertinent part:

Except as otherwise expressly provided by statute, the community property is liable for a debt incurred by either spouse before or *during marriage,* regardless which spouse has the management and control of the property and regardless whether one or both spouses are parties to the debt or to a judgment for the debt (emphasis added).

It should be recognized that various exceptions do exist to Cal.Civ.Code § 5120.110. The earnings of a spouse before marriage, for example, may not be held liable for a debt incurred by the other spouse. Cal.Civ.Code § 5120.110(b). Also, separate property is exempt from liability for premarital debts and post-separation debts. Cal.Civ.Code § 5120.130. All these exceptions, however, are inapplicable to the case at bar. The proceeds from the sale of the Loma Avenue property do not fall within any of these exceptions.

Furthermore, there is no exception to Cal.Civ.Code § 5120.110 to indicate that the debt must be incurred prior to separation or that any distinction is made as to whether the debt was incurred before or after separation. Cal.Civ.Code § 5120.110 only specifies that the debt must be incurred before or during marriage. Therefore, pursuant to Cal.Civ.Code § 5120.110, the proceeds from the sale of the Loma Avenue property are entirely liable for debts incurred by the debtor during the marriage.

Debtor contends that § 4800 and § 5120.160(a) of the California Civil Code govern the question of whether community property may be used to satisfy the post-separation debts incurred by debtor. Section 4800 states, in pertinent part,

(a) *Time of Division; Equally; Valuation; Confirming or Assigning Liabilities; Community Estate Defined.* Except upon the written agreement of the parties, or on oral stipulation of the parties in open court, or as otherwise provided in this section, the court shall, either in its judgment of dissolution of the marriage, in its judgment decree the legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, divide

the community estate of the parties equally....

For the purposes of division and in confirming or assigning the liabilities of the parties for which the community estate is liable, the court shall characterize liabilities as separate or community and confirm or assign them to the parties in accordance with subdivision (c).

\* \* \* \* \* \*

Section 4800 creates the scheme by which the family court classifies the community estate and obligations as either community or separate and thereafter divides the estate between the parties to the dissolution, in conjunction with the statutes, as the court sees fit. However, prior to the time such classification and division occurs, § 4800 has no bearing on the nature of the obligations incurred by either spouse.

Likewise, § 5120.160(a) of the California Civil Code is of no consequence prior to the family court's classification and division of the community estate. Section 5120.160(a) provides, in pertinent part, "[n]otwithstanding any other provision of this article, *after division of community and quasi-community property pursuant to § 4800 ... [debts incurred by either spouse shall be treated in accordance with this section]."* As can be plainly seen, prior to a division pursuant to § 4800, § 5120.160(a) is inapposite.

Mrs. McCoy contends that a non-debtor spouse's community property cannot be charged by debtor spouse's obligation incurred after separation but before termination of marriage. Mrs. McCoy asserts that in *American Olean Tile Company v. Schultze*, 169 Cal.App.3d 359, 215 Cal.Rptr. 184 (1985), the court held that income earned and obligations incurred after separation in the operation of a business are not community property in nature. Mrs. McCoy further asserts that a creditor seeking to enforce a business debt after the date of separation will be restricted to satisfaction from the separate property of the debtor spouse.

However, *American Olean* is inapplicable to the case at bar. As can be plainly seen from the introductory language, the court in *American Olean* was determining a creditor's rights after an interlocutory judgment of dissolution and the execution of a valid marital settlement agreement.

[A]fter the execution of a valid marital settlement agreement, negotiated at arms-length and providing a community business is transferred to the spouse who had been exclusively operating it as his separate property, all obligations of the business incurred thereafter are the sole obligation of the recipient spouse, even though incurred before entry of an interlocutory judgment of dissolution of the marriage incorporating the marital settlement agreement.

*American Olean,* 169 Cal.App.3d 362–63, 215 Cal.Rptr. 184.

Debtor also contends that the legislative history of § 5120.110(a) suggests the community property is not automatically liable for post-separation debts. The Legislative Committee Comment on § 5120.110 states, in pertinent part,

Subdivision (a) of § 5120.110 continues the substance of former § 5116 (contracts after marriage) and the implication of § 5122(b) (torts), and makes clear that the community property (other than earnings of the non-debtor spouse) is liable for the prenuptial contracts of the spouses.... *For rules governing liability after division of the community property, see § 5120.160.*

The introductory and concluding clauses of subdivision (a) are intended to negate the implication of language found in 1974 Cal.Stats. ch. 1206 § 1, p. 2609, that community property is liable only for the debts of the spouse having management and control. *The introductory and concluding clauses make clear that the community property is liable for all debts of either spouse absent an express statutory exception.* Thus, the community property under the management and control of one spouse pursuant to § 5125(d) (spouse operating or managing business) or Financial Code § 851 (one spouse bank account) or § 3051 (conservatorship) remains liable for the debts of

the other spouse. For an express statutory exception from liability of community property, see subdivision (b) (premarital debts) (emphasis added).

Contrary to debtor's contention, the Legislative Committee Comment makes it clear that "community property is liable for all debts of either spouse absent express statutory exception." Furthermore, the court clearly states that § 5120.160 only applies *after* a division of community property.

See also 84 B.R. 693.

CONCLUSION

Section 5120.110 is intended to govern the rights of creditors *vis-a-vis* married persons. As long as two people are legally married, § 5120.110 governs whether community property is liable for debts incurred during marriage. Therefore, this court concludes that the proceeds from the sale of the Loma Avenue property may be used to satisfy allowed administrative and prepetition claims incurred by debtor after separation.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr. R. 7052.