**In re Jack S. McCOY, Debtor.**

**Sheryl K. McCOY, Appellant,**

**v.**

**BANK OF AMERICA, Tishman West Management Corp., and Donald McCann, Appellees.**

**BAP No. SC–88–1802–AsPR.**
**Bankruptcy No. 87–03326–H11.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 15, 1989.

Decided Feb. 26, 1990.

Candace M. Carroll, Hill & Baskin, San Diego, Cal., for appellant.

Gary B. Rudolph, Estes & Hoyt, San Diego, Cal., Robert D. Middendorf, Sullivan, Delafield, McDonald, & Middendorf, San Diego, Cal., for appellees.

Before ASHLAND, PERRIS, and RUSSELL, Bankruptcy Judges.

ASHLAND, Bankruptcy Judge.

This appeal concerns the disbursement of the proceeds from the sale of the residence of the debtor and his non-debtor spouse. The bankruptcy court determined that the sale proceeds were community property, were property of the estate, and were liable for debts incurred by either spouse after separation but prior to the dissolution of the marriage and denied a motion for an order authorizing disbursement of one-half of the net proceeds to the non-debtor spouse. We reverse.

## FACTS

The debtor, Jack S. McCoy ("debtor"), and appellant, Sheryl K. McCoy ("appellant") married on April 5, 1969. The McCoys separated on January 10, 1985. On June 5, 1985, appellant filed a dissolution petition in state court. At that time the community property of the McCoys included their residence located in Coronado, California (the "residence"). In the dissolution action on April 28, 1987, the court ordered that the residence be listed for sale and, upon the sale of the residence, that certain community debts be paid from the proceeds followed by the disbursement of any proceeds then remaining to the debtor and appellant equally.[1] No judgment or decree of dissolution was entered at that time and trial of the dissolution action was scheduled to commence on June 3, 1987.

The debtor filed his Chapter 11 petition on May 7, 1987. On July 7, 1987, appellant filed a motion for relief from stay seeking to continue and complete the dissolution action. The bankruptcy court granted limited relief from stay but forbade appellant from obtaining a final determination of any disputed issues regarding the characterization of the estate's property as "community" or "separate." In addition, the bankruptcy court stated that relief from stay did not permit the sale, liquidation or other disposition of property of the estate without further order of the court.

In April, 1988, the debtor sought authority to sell the residence, to pay encumbrances, costs of sale, broker's fees and agreed-upon community debts from the proceeds and to disburse one-half of the remaining proceeds to appellant. Appellees Bank of America, Tishman West Management Corporation and Donald McCann (collectively, the "appellees"), who were all creditors of the debtor with claims incurred after separation but before any

---

1. The transcript of a hearing held on April 28, 1987 and the minutes of the court from that hearing, attached as Exhibit A to appellant's brief, provide further details of the court's order and the stipulation upon which it was based. These items, however, were not part of the record before the bankruptcy court and, as discussed below, will not be considered on appeal.

judgment of dissolution, opposed the motion, objecting to the distribution proposed by the debtor.

The bankruptcy court authorized the sale, but scheduled an additional hearing on the issues regarding the distribution of the proceeds. Appellant appeared in support of the distribution proposed by the debtor. The bankruptcy court found that the McCoys' community property had not been divided as of the commencement of the Chapter 11 case and ruled that prior to a decree of dissolution, community property is liable for all debts incurred by the spouses during the existence of the marriage, including those debts incurred by only one spouse after separation. The court further ruled that proceeds from the residence were therefore subject to the claims of the appellees.[2] The bankruptcy court entered a Memorandum Decision, *see In re McCoy*, 90 B.R. 448 (Bankr.S.D.Cal. 1988), and an order to this effect. Appellant filed a timely notice of appeal.

## ISSUES

1. Whether the state court's order that the residence be sold and the net proceeds be divided equally affected a pre-petition division of community property and debt such that appellant's interest in the residence was not property of the estate and subject to the claims of appellees.

2. Whether, before the division of community property, a non-debtor spouse's interest in community property is liable for debts incurred by the debtor spouse after separation but before dissolution of the marriage.

3. Whether the bankruptcy court erred in failing to abstain from permitting the state court to divide the parties' property and debt.

**2.** Following the bankruptcy court's ruling and because appellant lacked funds to move from the residence into replacement housing, the bankruptcy court entered an *ex parte* order, approved by all three appellees, which authorized the estate to pay compensation to the debtor *nunc pro tunc* from the date of filing through July of 1988 for a total of $30,000. The

## STANDARD OF REVIEW

A bankruptcy court's findings of fact will not be reversed unless clearly erroneous. Bankruptcy Rule 8013; *In re Lewis*, 79 B.R. 893, 895 (9th Cir.1987). Conclusions of law are subject to *de novo* review. *Lewis*, 79 B.R. at 895.

## DISCUSSION

1. *Whether the state court's order that the residence be sold and the net proceeds be divided equally affected a pre-petition division of community property and debt such that appellant's interest in the residence was not property of the estate and subject to the claims of appellees.*

The initial issue in this appeal concerns whether appellant's interest in the residence, and thus appellant's share of the proceeds from the sale of the residence is property of the estate under 11 U.S.C. § 541(a)(2) and therefore subject to the claims of the appellees through the bankruptcy estate. In states such as California, where each spouse has management and control of community property, *see* Cal.Civ. Code §§ 5125 and 5127, the bankruptcy estate includes all community property as of the commencement of the case, of both the debtor and the non-debtor spouse. *See In re Teel*, 34 B.R. 762, 764 (9th Cir. BAP 1983); 4 *Collier on Bankruptcy*, ¶ 541.15 (15th Ed.1988). The question, therefore, is whether the residence was community property as of the date that the debtor filed his petition.

Appellant argues that the state court's order of April 28, 1987 and the purported oral stipulation upon which the order was based affected a division of community property so that appellant's interest in the residence was not community property as of the commencement of the bankruptcy case.

order directed that this sum be paid from the residence sale proceeds directly to appellant and be credited to overdue support payments owed appellant by debtor. Appellee Tishman argues that this *ex parte* order was intended as a settlement and that this appeal is therefore in bad faith, but there is no evidence in the record that appellant intended a settlement.

■ We initially note that although appellant did not raise this argument in the court below, we nevertheless exercise our discretion to consider this argument in order to prevent a possible miscarriage of justice. *See, e.g., Romain v. Shear,* 799 F.2d 1416, 1419 (9th Cir.1986), *cert. denied,* 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987). All of the evidence that appellant submits in support of this argument, however, is not properly before us. The appellant attached as Exhibit A to her brief and moved to supplement the record with the transcript of the hearing held in the dissolution action on April 28, 1987 and a minute order arising from that hearing regarding the sale of the property and the disposition of the proceeds. The transcript and the minute order were not filed with the court below and cannot be part of the record on appeal. *See Kirshner v. Uniden Corporation of America,* 842 F.2d 1074, 1077 (9th Cir.1988); *In re Blumer,* 95 B.R. 143 (9th Cir. BAP 1988). Accordingly, appellant's motion to supplement the record is denied and we will not consider the transcript and minute order on appeal.

■ Turning to the merits of appellant's contention, the characterization of property as separate or community as of the date of the petition is determined under applicable state law. *See* 4 *Collier on Bankruptcy* ¶ 541.15 (15th Ed.1988). There is no question that the residence was community property as of the date appellant filed her dissolution petition in state court. Whether a division of the community property residence occurred turns on Cal.Civ.Code, Section 4800. Section 4800(a) contemplates the division of community property in one of the following ways: (1) by written agreement of the parties; (2) by an oral stipulation of the parties in open court; (3) by the court's judgment decreeing dissolution or legal separation; or (4) by the court at a later time. Section 4800(f) provides that "the court may make such orders as it deems necessary to carry out the purposes of this section."

■ There is no evidence properly in the record that indicates that a division occurred in this case. The only evidence

properly before us regarding such a division are declarations that the court ordered that the residence be sold and that the net proceeds be divided equally. The order is not in the record, nor is there any evidence that the order was based upon a stipulation or affected a division of community property in any of the ways contemplated by section 4800(a). Appellant's motion for relief from stay indicated that a division of community property had not occurred. It stated that a final determination of property division issues remained unsettled pending trial of the dissolution action and that the state court needed to determine which of the assets are separate and which are community under California law. Finally, contrary to the facts of *American Olean Tile Co., Inc. v. Schultze,* 169 Cal.App.3d 359, 215 Cal.Rptr. 184 (1985), and *In re Chenich,* 87 B.R. 101 (9th Cir. BAP 1988), upon which the appellant relies, the purported stipulation does not appear to be a final agreement as to the division of all of the community assets and liabilities and a recharacterization of those assets and liabilities as separate.

In light of the above considerations and in light of the bankruptcy court's finding that the community property interest in the residence had not been divided as of the date of the petition, we cannot determine that the order that the residence be sold and the net proceeds be divided equally effected a pre-petition division of the respective community property interests in the residence.

2. *Whether, before the division of community property, a non-debtor spouse's interest in community property is liable for debts incurred by the debtor spouse after separation but before dissolution of the marriage.*

■ Having determined that the community property interests in the residence had not been divided as of the date of the petition and that the residence, including the interest of the non-debtor spouse, was property of the bankruptcy estate, the next question is whether appellant's interest

should be distributed to her or whether that interest is subject to the claims of the debtor's post-separation creditors.

The parties agree that whether community property is liable for the post-separation debts of a debtor spouse is a determination that is made under state law. California Civil Code § 5120.110(a) provides as follows:

Except as otherwise expressly provided by statute,[3] the community property is liable for a debt incurred by either spouse before or during the marriage, regardless which spouse has the management and control of the property and regardless whether one or both spouses are parties to the debt or to a judgment for the debt.

The bankruptcy court held that under the plain language of this section, community property is liable for a debt incurred by either spouse before or during the existence of the marriage, and that there was no exception to § 5120.110 to indicate that the debt must be incurred prior to separation or that any distinction is made as to whether the debt was incurred before or during marriage. *McCoy*, 90 B.R. at 449.

The court based its decision in part on California Civil Code § 4350 which provides that a marriage may be dissolved in one of three ways: (1) the death of one of the parties; (2) a court judgment decreeing a dissolution of the marriage; or (3) a judgment of nullity. Although the parties had separated, none of these three events had occurred at the time debtor incurred the debts in question and, therefore the debts were incurred during the existence of the marriage and the appellant's interest in community property was liable for such debts.

Appellant argues that Cal.Civ.Code §§ 4800 and 5120.160(a) govern the question of whether community property may be held liable for post-separation debts of the debtor spouse. Section 4800, in relevant part, requires the court to perform the following tasks in a dissolution judgment: (1) characterize liabilities as separate or community and divide the community estate of the parties equally, section 4800(a); (2) confirm or divide debts incurred for nonnecessaries by either spouse after the date of separation but before the entry of a judgment of dissolution to the spouse who incurred the debt, section 4800(c)(3)(B); and (3) confirm separate debts, including those incurred during the marriage and before separation that were not incurred for the benefit of the community, to the spouse that incurred the debt, section 4800(d).

It is apparent that, section 4800 tells the court how to divide the community property and liabilities upon the dissolution of the marriage. It does not say, however, which party or what property will be liable for any type of debts before the division of community property and liabilities occur. Before the division occurs, unless there is a contrary marital settlement agreement, the property remains community property and is governed by Cal.Civ.Code § 5120.110. Similar to section 4800, Cal.Civ.Code § 5120.160(a), by its terms, refers to liability after the division of community property. *American Olean Tile Co v. Schultze, supra,* which held that the wife's interest in former community property was not liable for a debt incurred after separation and after the division of community property by an interlocutory judgment of dissolution, illustrates this distinction.

Appellant also argues that her interest in the community property should not be held liable for the post-separation debts of the debtor because such a result is contrary to the proposition that a bankruptcy filing does not change rights under state community property laws unless a federal interest so requires, and is contrary to the two central themes of California family law, namely that (1) each spouse has an equal and absolute right to a half interest in all community property upon dissolution of a marriage, and (2) upon separation of the parties, the economic conduct of one will cease affecting the economic status of the

---

**3.** In an exception not applicable in this case, section 5120.110(b) provides that earnings of a married person during the marriage are not liable for a debt incurred by the person's spouse before marriage.

other. Contrary to appellant's assertion, the statutes do not uniformly sever the economic relations of the parties on separation. Although Cal.Civ.Code § 5118 does provide that each spouse's earnings and accumulations are separate property after separation, section 5120.140 does not free a spouse upon separation from personal liability for debts for nonnecessaries incurred by the other spouse and section 5120.160 applies after the division of community property, not after separation. In addition, the filing of bankruptcy will not impair appellant's state community property rights; it simply fixes a date upon which those rights are measured in accordance with state law.

Subsequent to oral argument, counsel for appellant submitted supplemental authority for our consideration pursuant to Fed.R.App.P. 28(j). On October 1, 1989, during the pendency of this appeal, Assembly Bill 1907, unanimously passed by the California Legislature, was approved by the Governor and chaptered as a state statute. Section 3 of Assembly Bill 1907 amends California Civil Code section 5120.110 by adding subsection (c) which provides:

> (c) For purposes of this section, "during marriage" shall not include the period during which the spouses are living separate and apart prior to a judgment for dissolution of marriage or a judgment for legal separation.

Cal.Civ.Code § 5120.110(c) (West 1990).

As stated above, the interpretation of section 5120.110 is central to the disposition of this appeal and was the basis for the bankruptcy court's holding. By amending § 5120.110 the State Legislature has clearly mandated that a separated spouse's share of the community property will not be reachable to satisfy the other spouse's post-separation debts.

■ Since § 5120.110 was amended during the pendency of this appeal, we must decide whether the amendment is applicable to this case.[4] As a general rule, legislative enactments are generally presumed to operate prospectively and not retroactively unless the Legislature intends otherwise. *In re Marriage of Bouquet,* 16 Cal.3d 583, 587, 128 Cal.Rptr. 427, 546 P.2d 1371 (1976). With respect to the operation of § 5120.110 the Legislature provided:

> Except as otherwise provided by statute, the provisions of this chapter govern liability of separate and community property and the personal liability of a married person for a debt enforced on or after the operative date of this chapter, regardless whether the debt was incurred before, on, or after the operative date.

Cal.Civ.Code § 5120.320. The "operative date" referred to in § 5120.320 is January 1, 1985. Cal.Civ.Code § 5120.310.

Even though § 5120.110(c) was not added until October 1, 1989, § 5120.320 clearly provides that the provisions of Chapter 3 of the California Civil Code apply to all debts enforced on or after January 1, 1985. In addition, we note that the constitutionality of § 5120.320 has been challenged and upheld. *American Olean,* 169 Cal.App.3d at 365–67, 215 Cal.Rptr. 184. There can be no question that the debts in this case were enforced after the operative date of January 1, 1985. Thus, we hold that § 5120.110 as amended applies to the claims of the appellees in this case, and therefore, Mrs. McCoy's community property was not liable for the debts incurred by Mr. McCoy while the two lived separate and apart, prior to the dissolution of their marriage.

3. *Whether the bankruptcy court erred in failing to abstain from permitting the state court to divide the parties' property and debt.*

■ Appellant contends that the bankruptcy court should have abstained under 28 U.S.C. § 1334(c)(1) from deciding the issues regarding the rights of the parties

---

4. The statute itself does not specify any effective date for the amendment. Likewise, the Legislative Counsel's Digest does not expressly state when the statute is to become effective. California Government Code section 9600(a) provides that a statute enacted at a regular session, as this one was, shall go into effect on January 1 next, following a 90 day period from the date of enactment. Accordingly, the effective date of the amendment is January 1, 1990.

**282**

to the sale proceeds. We decline to consider this issue for two reasons. The appellant failed to raise this argument in the bankruptcy court. Although we have discretion to consider an issue raised for the first time on appeal, *see, e.g. In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1377 (9th Cir. 1985), we decline to do so on the abstention issue. Under Bankruptcy Rule 5011(b), motions for abstention are heard by a bankruptcy judge who then files a report and recommendation for disposition of the motion to be reviewed by the district court. Because the district court makes the final determination, review by this Panel of an abstention ruling would be inappropriate.

## CONCLUSION

On the evidence properly before us, we cannot determine that the order that the residence be sold and the net proceeds be divided equally affected a pre-petition division of the respective community property interests in the residence. We agree with the bankruptcy court's analysis that prior to the amendment of § 5120.110, proceeds from the sale of the community property residence, including the non-debtor spouse's interest in those proceeds, are liable for debts incurred by the debtor after separation but prior to dissolution or prior to the division of the community property. However, the addition of subsection (c) to § 5120.110 specifically limits liability of community property to those debts incurred before separation. For these reasons, we reverse the decision of the bankruptcy court.