Filed 7/25/13  Marriage of Rynda CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of CAROLINA C. and DAVID J. RYNDA. | |
| CAROLINA C. RYNDA, Appellant, v. DAVID J. RYNDA, Respondent. | A137298 (Alameda County Super. Ct. No. HFO4150159) |

Carolina C. Rynda (Carolina) appeals an order denying her postjudgment motion for property division in a marital dissolution proceeding. The court found there was no property to divide following Carolina's declaration of bankruptcy and a trustee sale of assets to Carolina's ex-husband, David J. Rynda (David). We shall affirm the order.

**Factual and Procedural History**

The parties are proceeding in propria persona and only Carolina has filed a brief. The docket for the case spans nine years and contains hundreds of entries yet only a few documents are included in the clerk's transcript. The following facts are based on the partial record provided.

The parties were married in January 1996 and operated a family-owned insurance agency. In April 2004, Carolina filed a petition for dissolution of marriage. A judgment of dissolution of marriage was filed the following year, in May 2005, and the court ordered an equal division of community property and debts including, without further

1

specification, "50% of business with three locations" to each party. The court reserved "jurisdiction to make whatever orders may be necessary or desirable to carry out this order and to divide equally between the parties any community assets or liabilities omitted from division under this order." Sometime later, a receiver was appointed to manage, control and inventory the business.

In February 2009, Carolina filed for bankruptcy. In March 2009, the superior court ordered: the "[v]aluation and division of assets shall be determined by this court at the conclusion of the bankruptcy court proceedings to the extent that they remain available to the parties." The superior court delegated interim management and control of specified properties and business offices to each party, subject to bankruptcy court oversight. The bankruptcy trustee evaluated the parties' business and, in April 2010, sold Carolina's stock in Rynda's Number 1 Insurances Services, Inc. to David. The record does not contain information on the distribution of other assets and liabilities by the bankruptcy trustee. According to David, the bankruptcy trustee disposed of all community property except for two real estate holdings, which were subsequently foreclosed.

Carolina claims there are community assets and liabilities still to be divided. In September 2012, she filed a "Motion for a trial . . . for Valuation and Division of community assets" and "Allocation of Debts." Carolina believes the bankruptcy proceeding discharged community debts without settling community assets. She claims entitlement to half the insurance agency business (now operated by David) and reimbursement for half the community debts discharged in bankruptcy. In addition to filing a motion to set trial on property division, Carolina also filed a motion seeking sanctions against David for breach of fiduciary duty in managing the insurance agency.

David opposed the motions and submitted evidence that he purchased Carolina's interest in the insurance agency from the bankruptcy trustee charged with administering Carolina's assets. David declared: Carolina's "interest in Rynda's Number 1 Insurance Services, Inc., was voluntarily transferred to the Trustee when she filed for bankruptcy and was later sold by the Bankruptcy Trustee, at a court supervised auction in which she participated as a possible purchaser."

A hearing on the matter was held on November 13, 2012. The court explained to Carolina that "the bankruptcy court has superior jurisdiction to the superior court. And if the bankruptcy court divided your businesses or sold them, then they're done with them. I can't do anything about that." Carolina acknowledged the bankruptcy court's authority to discharge community debt but disputed its authority to dispose of community property.

The court denied Carolina's motion for a trial on the division of community business and real estate assets, finding none to divide. The court continued Carolina's motion for division of a bank debt, raised for the first time at the hearing, and ordered David to produce accountings for the period of his interim management of community assets. Carolina filed a timely notice of appeal.

## Discussion

Carolina contends there are community business and real estate assets to divide despite the bankruptcy court proceeding. The contention is based on a misunderstanding of the bankruptcy court's reach. "In states such as California, where each spouse has management and control of community property, . . . the bankruptcy estate includes all community property as of the commencement of the case, of both the debtor and the non-debtor-spouse." (*McCoy v. Bank of America* (Bankr. 9th Cir. 1990) 111 B.R. 276, 278, citing 11 U.S.C.A. § 541(a)(2).) "[T]he community property is liable for a debt incurred by either spouse before or during the marriage, regardless [of] which spouse has the management and control of the property and regardless [of] whether one or more spouses are parties to the debt or to a judgment for the debt." (*McCoy, supra,* at p. 280.) The bankruptcy court takes control of community property and may distribute community assets to satisfy community debts. (8B C.J.S. (2013) Bankruptcy, § 1103.)

Carolina acknowledges that she filed her bankruptcy petition before there was a final property division. Her bankruptcy petition lists over $3 million in assets and liabilities and includes the parties' community real estate and business holdings. Community property was therefore within the bankruptcy estate and subject to the bankruptcy court's disposition.

3

In recognition of the bankruptcy court's jurisdiction, the superior court suspended property division proceedings: "Valuation and division of assets shall be determined by this court at the conclusion of the bankruptcy court proceedings to the extent that they remain available to the parties." The court found there were no assets at the conclusion of the bankruptcy court proceedings, apart from two real property parcels that were foreclosed, and therefore nothing for the superior court to divide. Carolina has failed to produce any evidence to the contrary. She claims one-half interest in the Rynda insurance agency but it is clear from the record that the bankruptcy trustee sold Carolina's stock in the business to David. On the record provided, there is no evidence of community property to be divided. The superior court did not err in denying Carolina's motion to set trial for marital property division.

**Disposition**

The order is affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Jenkins, J.

4