Filed 9/16/15  In re Marriage of Okhrimovskaya CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re Marriage of DINA OKHRIMOVSKAYA and VSEVOLOD OKHRIMOVSKI. | B250537 |
| | (Los Angeles County Super. Ct. No. BD488954) |
| DINA OKHRIMOVSKAYA, Respondent, v. VSEVOLOD OKHRIMOVSKI, Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Thomas Trent Lewis, Judge.  Affirmed.

Blake J. Lindemann for Appellant.

Jeffrey P. Alpert and Ashley L. Montgomery for Respondent.

Vsevolod "Seva" Okhrimovski ("Seva") and his wife Dina Okhrimovskaya ("Dina")[1] entered into a comprehensive marital separation agreement called the "Deal Memorandum" a few months into their protracted (and still ongoing) dissolution proceedings. Neither of them asked the court to enter judgment pursuant to the terms of the Deal Memorandum. (See Code Civ. Proc., § 664.6; Fam. Code, § 210.) Almost three years later, after emerging from a personal bankruptcy in which he was awarded virtually all of the couple's marital assets as his sole and separate property, Seva filed a "Request to Set Aside The Deal Memorandum and Modify Spousal Support." In that filing, Seva asked the family court to (1) find that the Deal Memorandum retroactively modified the court's spousal support order; (2) find that he had complied with the Deal Memorandum's provision concerning spousal support; and (3) order the Deal Memorandum set aside based on a change in circumstances or mistake of fact, namely that the property divisions it contemplated were now impossible in light of the bankruptcy award. The family court denied the request after holding a 15-minute hearing. Seva later requested a statement of decision, and the family court ordered the parties to prepare proposed drafts. Before the parties could complete that undertaking, however, Seva filed this appeal, which prompted the court to stay the case.

We conclude that the court was not required to issue a statement of decision under the circumstances presented here, and that it did not abuse its discretion in denying Seva's request to modify spousal support and set aside the Deal Memorandum. We accordingly affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Dina, a homemaker, filed a petition to dissolve her 20-year marriage to Seva, a businessman, in July 2008. Shortly thereafter, in November 2008, Dina filed an order to show cause for spousal support, attorney fees, accountant fees, and costs. After holding a hearing in December 2008, the court issued an order on February 4, 2009 awarding Dina

---

[1] We refer to the parties by their first or chosen names to avoid confusion in light of their similar surnames.

$10,000 per month in spousal support, effective November 15, 2008, as well as contributions toward her attorney and accountant fees.

In March 2009, Dina and Seva executed a comprehensive marital settlement agreement they refer to as the "Deal Memorandum." Pursuant to the Deal Memorandum, the parties agreed to reduce Seva's spousal support obligation to a non-modifiable $5,500 per month. They further agreed to a date of separation, division of their community property, and payment of attorney fees. Many of the provisions in the Deal Memorandum were favorable to Dina, whose counsel drafted it. Seva was unrepresented at the time.

Neither Seva nor Dina filed a motion pursuant to Code of Civil Procedure section 664.6 to ask the court to enter judgment pursuant to the terms of the Deal Memorandum, even though the Deal Memorandum expressly provided for Dina's counsel "to prepare the Stipulated Judgment." Seva nonetheless began paying Dina $5,500 per month in spousal support in conformity with the Deal Memorandum and apparently continued to do so through the end of 2012.

Seva filed for bankruptcy in July 2009. His declaration of bankruptcy "'trigger[ed] an automatic stay of actions against the debtor, the creation of an estate, and the appointment of a trustee.' [Citation.]" (*In re Doser* (9th Cir. 2005) 412 F.3d 1056, 1062; see 11 U.S.C. § 362(a).) Because the family court had not yet divided the property owned by the marital community or incorporated the agreed-upon divisions set forth in the Deal Memorandum into an order or judgment, the couple's community property became part of Seva's bankruptcy estate. (*In re Mantle* (9th Cir. 1998) 153 F.3d 1082, 1085; *In re McCoy* (Bankr. 9th Cir. 1990) 111 B.R. 276, 278; 11 U.S.C. § 541(a)(2).) The automatic stay halted the dissolution proceedings, but only to the extent the proceedings sought to determine the division of community property now encompassed within the bankruptcy estate. (11 U.S.C. § 362(b)(2)(A)(iv).) It did not stay the commencement or continuation of proceedings to establish or modify an order for domestic support obligations. (11 U.S.C. § 362(b)(2)(A)(ii); see also 11 U.S.C. § 101(14A) [defining "domestic support obligation"]; *In re Marriage of Murray* (2002) 101

3

Cal.App.4th 581, 590.) The dissolution proceedings nevertheless ground to a de facto halt in January 2010, when both parties stopped making filings.

The bankruptcy court confirmed Seva's reorganization plan in May 2011 and discharged his bankruptcy in July 2012. The reorganization plan awarded Seva "100% of Estate's assets as his sole and separate property." Thus, all community assets that were not liquidated during the course of the bankruptcy passed to Seva; this was contrary to the terms of the Deal Memorandum. Dina did not object to the plan or otherwise appear in Seva's bankruptcy despite being served with notice of at least some of the filings in that action. Neither Dina nor Seva attempted to advance the dissolution proceedings at any time during the pendency of Seva's bankruptcy.

On June 29, 2012, while the dissolution proceedings remained at a standstill, Seva initiated an adversary proceeding against Dina in bankruptcy court. Seva sought a declaratory judgment that the Deal Memorandum provisions pertaining to the division of property (but not spousal support) were null and void because they had been rendered impossible in light of his reorganization plan. That proceeding has been stayed pending resolution of the instant appeal.

On December 11, 2012, Seva reinvigorated the dissolution proceedings by filing a "Request to Set Aside The Deal Memorandum and Modify Spousal Support." In that filing, Seva asked the family court to (1) find that the Deal Memorandum retroactively modified the court's spousal support order; (2) find that he had complied with the Deal Memorandum's provision concerning spousal support; and (3) order the Deal Memorandum set aside based on a change in circumstances or mistake of fact, namely that the property divisions it contemplated were now impossible in light of the bankruptcy award. In his memorandum of points and authorities, Seva clarified that he wanted the family court to "retroactively modify spousal support based on the written agreement of the parties (which was not made into a court order) but then set aside the Deal Memorandum because the actions in the bankruptcy court preclude [him] from being able to comply with the terms of the Deal Memorandum," and "retroactively make spousal support $5,500 commencing November 15, 2008, pursuant to the Deal

4

Memorandum of the parties and then permit modification due to the intervening bankruptcy." In other words, Seva requested that the family court belatedly and retroactively approve, then immediately invalidate, the Deal Memorandum.

In response to Seva's inherently contradictory request, Dina asked the family court to "uphold[] and enforc[e] the Deal Memorandum executed on May [*sic*] 27, 2009, and calculat[e] the amount of spousal support arrears" Seva owed her. "In the unfortunate event that the Court sets the Deal Memorandum aside," Dina continued, she wanted Seva to "be ordered to pay [her] spousal support pursuant to the initial February 2009 Order After Hearing," i.e., $10,000 per month.

The family court held a hearing on Seva's request on May 15, 2013. Both Seva and Dina were represented by counsel appearing in a limited scope capacity. The court noted that Seva neglected to file an income and expense declaration contemporaneously with his request, which the court commented could "render the motion fatally defective." The court further rejected Seva's contention that the court had to "go back and relook at the property division" the parties agreed to in the Deal Memorandum, finding misplaced Seva's reliance on *In re Marriage of Olson* (1980) 27 Cal.3d 414 (*Olson*) and *In re Marriage of Rives* (1982) 130 Cal.App.3d 138 (*Rives*). Seva contended "there was no way that he was going to be able to fulfill the terms of the Deal Memo with respect to the properties" because of the bankruptcy, but the court was unsympathetic in light of Seva's failure to take proactive steps to revise the Deal Memorandum in a more timely fashion.

The court denied Seva's request. At the conclusion of the 15-minute hearing, it orally explained, "There's no excuse, number one for the delay. In my view. [*Sic.*] The statute of limitations for relief to set aside has passed under any theory of law. There's no equitable basis for the respondent to seek to set aside. The respondent sat on his rights, whatever rights he had that he is entitled to equitable relief, by waiting four years to set aside an agreement he made. While represented in the bankruptcy court by counsel, he chose to pursue the bankruptcy rather than pursue relief from the stay in bankruptcy so that he could apply to this court for the requested relief, to wit, to set aside

5

the underlying agreement."[2]  Neither Seva nor Dina requested a statement of decision at any point during the short hearing, before or after the court's oral pronouncement.

Dina filed a notice of the court's ruling on May 21, 2013.  She served it on Seva and his attorney via U.S. mail and email that same day.  Almost two weeks later, on June 3, 2013, Seva filed an objection to Dina's notice of ruling and a request for statement of decision.[3]

After holding a hearing on July 3, 2013, at which Dina, her limited scope counsel, and Seva's limited scope counsel were present, the family court ordered Dina's limited scope counsel to prepare, file, and serve on Seva a proposed statement of decision by August 30, 2013.  The court further ordered Seva or his counsel to prepare, file, and serve on Dina any objections to that proposed statement of decision or, alternatively, his own proposed statement of decision, by September 10, 2013.  The court gave Dina two weeks to reply and set the matter for a non-appearance hearing on October 11, 2013.

Seva filed a notice of appeal from the family court's May 15, 2013 order on July 12, 2013.

Two months later, on September 3, 2013, Dina filed her proposed statement of decision with the family court.  Seva objected to Dina's filing and proposed his own competing statement of decision on September 11, 2013.  On September 24, 2013, Dina

---

[2] It appears from the court's comments that the court may have believed the Deal Memorandum had been incorporated into a judgment.  Although Seva's counsel advised the court during the hearing that "no judgment was submitted to the court," "no judgment has been entered in this case," and "no judgment based on that Deal Memorandum was ever filed with the court," both Seva and Dina also behaved as though at least the spousal support provision of the Deal Memorandum had the force of a court order.  We reiterate that neither a modified support order nor a judgment was entered at any time.

[3] He also filed a "Motion for Order Granting Leave to Immediately Appeal Court's Ruling Dated 5/15/2013 Pursuant to CRC 5.180."  (Former California Rule of Court, rule 5.180 was renumbered to 5.392 effective January 1, 2013.  (See Cal. Rules of Court, rule 5.392.)  Rule 5.392, entitled "Interlocutory Appeals," sets forth a procedure by which a party in a family law action may seek the immediate appeal of an otherwise non-appealable interlocutory order.)  The court denied the motion without prejudice.

filed a reply, to which she appended both an interlineated version of Seva's proposed statement of decision and a copy of the statement of decision she originally proposed. On October 9, 2013, the court issued an order staying all further proceedings in the action pending resolution of this appeal; it did not issue a statement of decision before implementing the stay.

The dissolution action was assigned to a new judge sometime in 2014 or 2015. The proceedings recently resumed and remain ongoing. No decree of dissolution of marriage or final judgment has been entered.

# DISCUSSION[4]

## I. Request for Judicial Notice

After filing his opening brief, Seva filed a request for judicial notice pursuant to Evidence Code section 452, subdivision (d)(1). He requests that we take judicial notice of an unpublished opinion issued by the First District Court of Appeal, *In re Marriage of Rynda* (July 25, 2013, A137298), "for the limited purpose of any persuasive value of the analysis therein." Seva acknowledges that California Rule of Court, rule 8.1115(a) provides that except in very limited circumstances, unpublished opinions of the California Court of Appeal or superior court appellate division "must not be cited or relied on by a court or a party in any other action." He contends, however, that "[t]he only published case law on point in California has concluded that the evidence code overrides the rule" such that we may take judicial notice of the proffered opinion. (See *Gilbert v. Master Washer & Stamping Co.* (2001) 87 Cal.App.4th 212, 217, fn. 14 (*Gilbert*).) We disagree.

We are bound to follow the California Rules of Court, which "have the force of statute to the extent that they are not inconsistent with legislative enactments and

---

[4] At the outset of this appeal, we issued an order to show cause on the issue of appealability. Seva responded by filing a brief and submitting the challenged minute order. After reviewing these materials and conducting our own research into the issue, we concluded the order was an appealable one. (See *In re Marriage of Campbell* (2006) 136 Cal.App.4th 502, 505-506; *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368-369.)

constitutional provisions." (*In re Richard S.* (1991) 54 Cal.3d 857, 863.)  California Rule of Court, rule 8.1115 clearly states that we may not cite or rely upon an unpublished opinion of the California Court of Appeal or superior court appellate division unless (1) the opinion "is relevant under the doctrines of law of the case, res judicata, or collateral estoppel; or (2) . . . is relevant to a criminal or disciplinary action because it states reasons for a decision affecting the same defendant or respondent in another such action."  (See Cal. Rules of Court, rules 8.1115 (a) & (b).) Neither of those exceptions applies here, and Seva has given us no indication that rule 8.1115 is inconsistent with legislative enactments or constitutional provisions.  We accordingly follow rule 8.1115(a) and deny Seva's request.

The footnote in *Gilbert* to which Seva cites does not persuade us otherwise.  Seva is correct that the *Gilbert* court took judicial notice of an unpublished California appellate opinion as a court record.  (See *Gilbert*, *supra*, 87 Cal.App.4th at p. 217 & fn. 14.) However, that dicta is neither persuasive nor binding on us.  (See, e.g., *Henry v. Associated Indemnity Corp.* (1990) 217 Cal.App.3d 1405, 1416.)  Moreover, it appears the *Gilbert* court was attempting to clarify a Supreme Court case by citing to the facts as articulated in the unpublished opinion of the appellate court rather than relying on the unpublished opinion for the "persuasive value of the analysis therein."  We will adhere to the proscriptions set forth in rule 8.1115(a).

## II.    Analysis

### 1.    Statement of Decision

Seva's primary contention on appeal is that the family court committed per se reversible error[5] by failing to issue a statement of decision in connection with its May 15,

---

[5] Some courts have held that failure to issue a statement of decision upon a proper request constitutes reversible error per se.  (See, e.g., *Espinoza v. Calva* (2008) 169 Cal.App.4th 1393, 1397-1398; *In re Marriage of Reilley* (1987) 196 Cal.App.3d 1119, 1126.)  The Supreme Court currently is considering whether "a trial court's error in failing to issue a statement of decision upon a timely request [is] reversible per se."  (See *P.(F.) v. Monier*, review granted April 16, 2014, S216566.)  We need not and do not address this unresolved issue.

2013 minute order denying Seva's request to modify the spousal support order and set aside the Deal Memorandum. He argues that his post-hearing request for a statement of decision was timely under Code of Civil Procedure section 632 and California Rules of Court, rule 3.1590, and that Family Code section 3654 required the family court to issue a statement of decision in any event. In the alternative, he contends that the family court's failure to issue a statement of decision constitutes a miscarriage of justice. We review de novo the court's interpretation and application of the statutes and rules governing the issuance of statements of decision. (See *In re Marriage of Left* (2012) 208 Cal.App.4th 1137, 1145.)

Code of Civil Procedure section 632, which is applicable in family law proceedings (Fam. Code, § 210), requires trial courts to "issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial." It further provides a time frame in which such requests may be made: "within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision." (Code Civ. Proc., § 632.) The specific procedures for requesting, preparing, and issuing a statement of decision are set forth in California Rules of Court, rule 3.1590, which tracks the language of Code of Civil procedure section 632 and includes identical time requirements. (See Cal. Rules of Court, rule 3.1590(d), (n).) Courts have interpreted the word "trial" as used in these provisions as it is typically understood (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 294 (*Fong*)) and limited the scope of Code of Civil Procedure section 632 accordingly. Thus, courts have held that "generally, there is no duty to render a statement of decision as to rulings on orders to show cause." (*In re Marriage of Sellers* (2003) 110 Cal.App.4th 1007, 1010 (*Sellers*).) The same is generally true with respect to rulings on motions, even those that involve evidentiary hearings and result in appealable orders. (*Fong, supra,* 193 Cal.App.4th at p. 294; *In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032; *Gruendl v. Oewel Partnership, Inc.* (1997) 55 Cal.App.4th 654, 660.) Exceptions

9

to these general rules are typically made only upon balancing "'(1) the importance of the issues at stake in the proceeding, including the significance of the rights affected and the magnitude of the potential adverse effect on those rights; and (2) whether appellate review can effectively be accomplished even in the absence of express findings.'" (*Gruendl v. Oewel Partnership, Inc.*, *supra*, 55 Cal.App.4th at p. 660.)

Seva contends that his request to modify spousal support involves "sufficiently important" issues concerning the "intersection between family law and the Bankruptcy Code" "entitling" him to a statement of decision under Code of Civil Procedure section 632. This unsupported assertion does not warrant a departure from the general rule that Code of Civil Procedure section 632 does not apply in motions hearings. Even if we were to assume it did, Seva fails to explain why his belated request for a statement of decision complies with the strictures of that statute. Code of Civil Procedure section 632 requires parties whose matter is concluded in less than eight hours to request a statement of decision "prior to the submission of the matter for decision." Seva made his request almost two weeks after the hearing and the court's issuance of its minute order. This request may have been timely if the hearing had been a multi-day one (see Code Civ. Proc., §§ 632, 1013; *Staten v. Heale* (1997) 57 Cal.App.4th 1084, 1089), but we see no reason to equate the 15-minute hearing in this case with a multi-day trial rather than a trial concluded in less than eight hours. We accordingly conclude that even if Code of Civil Procedure section 632 applied in the context of Seva's request for modification, he failed to comply with its timeliness requirements.

Ignoring the statute's differing timeliness requirements for trials of different durations, Seva contends that Code of Civil Procedure section 632's "exception" permitting trial courts to issue oral statements of decision after trials lasting less than eight hours does not apply to requests for modification of support. In his view, Family Code section 3654, which provides that "[a]t the request of either party, an order modifying, terminating, or setting aside a support order shall include a statement of decision," required the family court to issue a written statement of decision irrespective of when he requested it. He asserts that *Sellers*, *supra*, 110 Cal.App.4th at p. 1010,

supports this interpretation, and, moreover, that *Sellers* holds that "a statement of decision cannot be waived in conjunction with an order denying modification of support." We disagree.

In *Sellers*, husband orally requested a statement of decision "[d]irectly following the completion of testimony and before closing argument" at a one-day hearing concerning spousal support. (*Sellers*, *supra*, 110 Cal.App.4th at p. 1009.) The court agreed to provide a statement of decision but did not order either party to prepare it. (*Ibid.*) After almost a month passed without a statement of decision, wife filed and served a "'Request for Compliance With Request for Statement of Decision.'" (*Ibid.*) "Two days later, husband served proposed findings and a proposed order," and wife promptly filed her objections within a week. (*Ibid.*) Husband subsequently filed a "'[W]aiver of Statement of Decision,'" in which he asserted that wife's request for compliance was untimely and, moreover, that she waived any right to a statement of decision by failing to personally request one at the hearing. (*Ibid.*) The court agreed with husband, and wife appealed. (*Ibid.*)

The Court of Appeal reversed. (*Sellers*, *supra*, 110 Cal.App.4th at p. 1011.) It concluded that husband's request for a statement of decision, "in a timely fashion" during the one-day hearing, triggered the family court's obligation to issue a statement of decision under Family Code section 3654 regardless of whether wife independently requested one. (*Id.* at p. 1010.) "Family Code section 3654 mandates issuance of a statement of decision on 'the request of *either* party. . . . It does not require both parties to ask. Once husband made the request, it was reasonable for wife to believe the court would follow the dictates of the statute." (*Ibid.* [emphasis in original].) The appellate court further noted that the trial court did not articulate the rationale for its order reducing wife's spousal support, underscoring the importance of a statement of decision in that case.

*Sellers* is distinguishable from the instant case. It does not, as Seva suggests, hold that a statement of decision cannot be waived. Instead, it holds that a timely request by either party to issue a statement of decision pursuant to Family Code section 3654 is

11

sufficient to require the family court to do so despite the silence of the other party. This holding lends no support to Seva's contention that Family Code section 3654 functions as an exception to the procedures set forth in Code of Civil Procedure section 632, or that a statement of decision may not be waived.

*Sellers* is nonetheless instructive in its emphasis on the timely nature of husband's request–*during* the one-day hearing–and its attempt to ensure that the process of requesting a statement of decision not be turned into a "game." (*Sellers*, *supra*, 110 Cal.App.4th at p. 1010.) Both of those considerations, timeliness and the prevention of gamesmanship, are important here. Family Code section 3654 may not by its terms limit the time frame in which a statement of decision may be requested, but at least one appellate court has interpreted it to require a request during a hearing lasting one day or less. "[W]here a party remains silent *at the hearing* and fails to bring the issue to the trial court's attention, he or she *waives* the right to a statement." (*In re Marriage of Cauley* (2006) 138 Cal.App.4th 1100, 1109 [emphases added].) We agree with this interpretation, which aligns with the facts of *Sellers* and is analogous to the procedures set forth in Code of Civil Procedure section 632 and California Rules of Court, rule 3.1590. (Cf. Fam. Code, § 210 ["the rules of practice and procedure applicable to civil actions generally . . . apply to, and constitute the rules of practice and procedure under this code"].) Requiring a party seeking a statement of decision on a support issue to request it at a hearing lasting less than one day does not impose an onerous burden and serves to expedite the issuance of such statements of decision. It further promotes efficiency by obviating the need for a formal written request and a hearing thereon, and prevents parties from using a request for a statement of decision as a post-hearing bargaining chip or strategic device in their dissolution proceedings.

Seva's suggestion that the family court "inexplicably" abdicated its duty to issue a statement of decision is not well-taken on the record in this case. As we related above, Seva untimely filed his request for statement of decision almost two weeks after the court issued its minute order denying his motion. The family court subsequently held a hearing on the request on July 3, 2013. Although the record does not contain a transcript of that

12

hearing or the resultant court order, it does contain a notice of ruling filed by Dina's counsel and competing proposed statements of decision filed by the parties. These documents plainly indicate that the family court *granted* Seva's untimely request for a statement of decision and to that end afforded the parties an opportunity to prepare such a statement in advance of its planned "issuance of the final Statement of Decision . . . on October 11, 2013." (See Cal. Rules of Court, rule 3.1590(c)(3), (f).) Without a record of the hearing, we can only presume that Seva acquiesced to the lengthy briefing period the court ordered, which extended long beyond the deadline for his notice of appeal. It should not have come as a surprise to Seva that his filing of an appeal before the parties could complete and the court could evaluate the competing statements of decision might hamper the issuance of a final statement of decision. Indeed, the family court stayed proceedings "until the disposition of Respondent's appeal and the issuance of a remittur thereon." The plainly explicable reason for the stay, the propriety of which Seva does not challenge, was Seva's appeal—which was not, as he represents, "on file during the hearing on the Motion for leave and the request for the [statement of decision]." Under the circumstances of this case, the court was not required to issue a statement of decision and did not err by failing to do so.

### 2. Denial of Modification Request

Despite his claim that he cannot discern the rationale behind the family court's denial of his request to modify due to the absence of a statement of decision, Seva also challenges the court's orally enumerated bases for denying his request. He argues that his bankruptcy proceedings precluded him from timely raising his issues with the Deal Memorandum, that the court erred in invoking "an unspecified statute of limitation," and that the court's "ruling that there is no equitable basis to set aside the Deal Memorandum is clearly erroneous because the record supports a finding that changed circumstances warrant vacatur of the Deal Memorandum."

We review the court's order declining to modify spousal support under the deferential abuse of discretion standard. (*In re Marriage of Left*, *supra*, 208 Cal.App.4th at p. 1145.) "In exercising its discretion the trial court must follow established legal

13

principles and base its findings on substantial evidence. If the trial court conforms to these requirements its order will be upheld whether or not the appellate court agrees with it or would make the same order if it were a trial court." (*In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 47, fn. omitted.) Under the abuse of discretion standard, we do not disturb the family court's ruling unless, "considering all the relevant circumstances, the court has 'exceeded the bounds of reason' or it can 'fairly be said' that no judge would reasonably make the same order under the circumstances." (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 480.) We conclude that the court did not abuse its discretion in denying Seva's request.

Seva asked the family court to "retroactively modify spousal support based on the written agreement of the parties (which was not made into a court order) but then set aside the Deal Memorandum because the actions in the bankruptcy court preclude [him] from being able to comply with the terms of the Deal Memorandum." Such relief was not legally cognizable, and the family court would have erred in granting it. Under Family Code section 3603, an order of temporary spousal support "may be modified or terminated at any time *except as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate*." (Fam. Code, § 3603 [emphasis added].) "It is well established that even on a showing of changed circumstances a 'court may not *retroactively* modify a prior order for temporary spousal support.' [Citations.]" (*In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 638 (*Gruen*) [emphasis in original].) "[A] trial court lacks jurisdiction to retroactively modify a pendente lite support order to any date earlier than the date on which a proper pleading seeking modification of such order is filed, unless it specifically reserves jurisdiction to do so." (*In re Marriage of Williamson* (2014) 226 Cal.App.4th 1303, 1317.) No such reservation of jurisdiction was made here. The family court accordingly lacked the ability to "retroactively make spousal support $5,500 commencing November 15, 2008" in conformance with the unfiled Deal Memorandum and therefore could not abuse its discretion in declining to grant that relief.

14

The court also correctly concluded that Seva could have undertaken more timely efforts to modify the spousal support order (and reduce the Deal Memorandum to a judgment), its ambiguous reference to an unspecified statute of limitations notwithstanding. The automatic stay resulting from bankruptcy proceedings (11 U.S.C. § 362(a)) "does not operate as a stay – . . . of the commencement or continuation of a civil action or proceeding – . . . for the establishment or modification of an order for domestic support obligations [or] . . . for the dissolution of a marriage, except to the extent that such a proceeding seeks to determine the division of property that is property of the estate." (11 U.S.C. §§ 362(b)(2)(A)(ii) & (iv).) Thus, nothing about the ongoing bankruptcy proceedings precluded Seva (or Dina) from seeking to modify the February 2009 support order or memorialize at least some portions of the Deal Memorandum in a court order. Yet Seva inexplicably waited years to apprise the court of his bankruptcy and Dina's agreement to accept a substantially lesser amount of spousal support than that ordered by the court. "The law helps the vigilant, before those who sleep on their rights." (Civ. Code § 3527) The family court was well within its discretion to heed this maxim.

The automatic stay did operate to prevent the family court from dividing the couple's property, but the court never attempted to make such a division. The property division contemplated by the parties' Deal Memorandum lacked any judicial imprimatur. It does not appear to have been submitted to the court prior to Seva's request to modify, and thus was neither "subject to the scrutiny and approval of the court" (*In re Marriage of Vomacka* (1984) 36 Cal.3d 459, 464), nor incorporated into a decree or judgment. These facts distinguish this case from *Rives*, *supra*, 130 Cal.App.3d 138, and *Olson*, *supra*, 27 Cal.3d 414, in which the courts announced intended divisions of property that became inequitable prior to the official entry of an interlocutory decree but refused to reopen the proceedings to correct the divisions that had become "neither fair in principle nor equitable in result." (*Rives*, *supra*, 130 Cal.App.3rd at p. 152.) Seva and Dina agreed to a division of property that eventually became impossible – but because they failed to timely inform the court of their agreement, the court had no opportunity to adopt the inequitable division as the intended decision of the court.

15

Moreover, even upon filing the request at issue in this appeal, Seva failed to apprise the court of the extent to which his circumstances had changed by filing an income and expense declaration with his request to modify. "'As a general rule, courts will not revise a child support order unless there has been a *material change of circumstances. . . .*" The majority view is that the same general rule applies to temporary spousal support." (*Gruen*, *supra*, 191 Cal.App.4th at p. 638 [emphasis in original].) "A modification must be based on the parties' *current* circumstances, not on circumstances raised months earlier in an OSC for the temporary support order under attack. The motion must be supported by a current income and expense declaration, meaning one 'completed within the past three months providing no facts have changed.' (Cal. Rules of Court, rule 5.128(a).)" (*Gruen*, *supra*, 191 Cal.App.4th at pp. 640-641 [emphasis in original].) Seva's conceded failure to comply with this requirement afforded the family court an additional valid basis on which to deny his request.

For all of these reasons, we cannot conclude that the trial court abused its discretion in denying Seva's request to set aside the Deal Memorandum and modify spousal support.

## DISPOSITION

The order of the family court is affirmed. Dina is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

16